**Garfield J. Jackson, Administrator of Estate of Sharon Jackson, Deceased, Appellant, v. Roger Lynn Fisher, Appellee.**

**Gen. No. 10,411.**

Heard in this court at the May term, 1950. Opinion filed July 13, 1950. Released for publication August 1, 1950.

RAPHAEL E. YALDEN, of Rockford, for appellant.

MAYNARD & MAYNARD, of Rockford, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On the 23rd day of October 1946, Garfield J. Jackson, Dorothy Jackson, his wife, and Sharon Jackson their daughter, age four years were living on Custer avenue in the City of Rockford, Illinois. Custer avenue runs in an easterly and westerly direction. On the same day Roger Lynn Fisher was riding his motorcycle in a westerly direction on Custer avenue and while Sharon Jackson was attempting to cross the street, the motorcycle struck and injured her from which injuries she died within a short time after the accident.

Garfield J. Jackson was appointed administrator of the estate of Sharon Jackson, deceased, and he started a suit in the circuit court of Winnebago county, against Roger Lynn Fisher for damages sustained by the next of kin for the death of Sharon Jackson. The complaint is in the usual form and alleges that the next of kin

were in the exercise of due care for the safety of Sharon at the time of the accident. The last paragraph of the complaint is as follows: ''That by reason of the death of said Sharon Jackson, deceased, the next of kin have been deprived of large sums of money and valuable services which said Sharon Jackson would have contributed and performed for them to the damage of the plaintiff as administrator of $10,000.00.'' Later this was amended and the *ad damnum* changed to $15,000.

Defendant filed his answer in which he denied all acts of negligence on his part that in any way contributed to the injury and death of Sharon Jackson, also denied that the next of kin of Sharon Jackson were in the exercise of due care and caution for the safety of Sharon, and also denied that the next of kin had been deprived of a large sum of money and valuable services which Sharon Jackson would have contributed and performed for them.

The case was tried before a jury and at the conclusion of the trial, aside from the general instructions given by the court, submitted two interrogatories. The first one being as follows: ''Do the jury find from a preponderance of the evidence that Dorothy Jackson, mother of the deceased, Sharon Jackson, just before and at the time of the occurrence, used ordinary and reasonable care and caution to guard against injury to the said deceased child?'' The jury answered this interrogatory ''no.'' The other interrogatory was: ''Do the jury find from the preponderance of the evidence that the defendant, Roger Lynn Fisher, was just before and at the time of the occurrence, guilty of negligence which was the direct, proximate and immediate cause of the injury to the deceased girl, Sharon Jackson?'' The jury answered this interrogatory ''no.'' At the request of the defendant, the court gave the following instruction.

"The Court instructs the jury that before the plaintiff can recover from the defendant he must prove the following propositions by the greater weight or preponderance of the evidence:

"First, that Dorothy Jackson, mother of the deceased child, Sharon Jackson, just before and at the time of the occurrence in question, used reasonable care and caution to guard against and avoid the injury to the deceased child.

"Second, that Roger Lynn Fisher was, just before and at the time of the occurrence, guilty of the negligence charged against him, which negligence was the proximate cause of the injury and death.

"Third, that the next of kin has sustained pecuniary loss by reason of the death of Sharon Jackson, deceased.

"And if the plaintiff fails to prove any one of the foregoing propositions by the greater weight of the evidence, then he cannot recover in this case." By their general verdict the jury found the defendant not guilty.

 The plaintiff has perfected an appeal to this court, and the only error assigned in the trial court proceeding is the giving of the above-quoted instruction, and the only part of the instruction complained of is the third which states: "That the next of kin has sustained pecuniary loss by reason of the death of Sharon Jackson, deceased." It is argued by the appellant that this is a peremptory instruction and it casts an undue burden upon the plaintiff in proving that the next of kin sustained pecuniary loss by the death of Sharon Jackson, as the law is well settled that where the mother, father and brother are the next of kin, proof of substantial damages are not necessary to prove pecuniary loss, but such loss will be presumed. We find no case in which this proposition of law has been squarely presented, either to the Supreme or

Appellate Courts. As before stated, the plaintiff alleges in its complaint that they did suffer large amounts of damages, etc., and the defendant denied that part of the complaint. This presented an issue of fact for the jury to determine and while the law will presume substantial damages, under the circumstances in this case there must be some evidence on which the jury can base their findings of substantial damages. The mother testified that Sharon was a bright, healthy and intelligent child. Our courts have held that this is sufficient proof on which to base a verdict for substantial damages.

█ The court also instructed the jury as follows: "If you find from the evidence and under the instruction of the court that the plaintiff is not entitled to recover, then you will have no occasion to consider the question of damages or the nature or extent of plaintiff's loss or damage, if any, whether serious or slight." There is no complaint made that this instruction is not a proper statement of the law and if the jury found that the other two propositions had not been proven, which they did, then any error that might have been committed by giving the instruction complained of is cured, and it would be a harmless error. It is difficult to see in what way the plaintiff could be prejudiced by giving the instruction.

█ As before stated, the jury answered the special interrogatories whether Dorothy Jackson, the mother of Sharon, did not use ordinary and reasonable care and caution to guard against the injury to her child, and that Roger Lynn Fisher was not guilty of negligence, which was the proximate cause of the injury to the deceased child. It is not claimed in this appeal that the evidence does not support these findings, or that the verdict of the jury is contrary to the manifest weight of the evidence. These findings then become binding upon the appellant, and this court will have

to assume as a matter of fact, that the jury's findings are correct. *Brant v. Chicago & A. R. Co.,* 294 Ill. 606.

By these special findings it is shown that the jury were not confused in the issues that they were to decide. They were told plainly that if they did not find that plaintiff's next of kin were in the exercise of due care and caution for the safety of Sharon, or that if they did not find that Roger Lynn Fisher was guilty of negligence, which was the proximate cause of the injury which caused the death of Sharon, then in either of these events their verdict should be for the defendant.

We find no reversible error in the case and the judgment is affirmed.

*Judgment affirmed.*