**Howard B. Quinn and Charlotte J. Quinn, Plaintiffs-Appellants, v. Charles E. Larson, Individually and as Sheriff of Lake County, Illinois, and Federal Savings and Loan Insurance Corporation, Defendants-Appellees.**

### Gen. No. 66–22.

Second District.

December 8, 1966.

Samuel E. Hirsch, of Chicago, for appellants.

McCarthy, Witry, Lyon & McCarthy, of Chicago, Bruno W. Stanczak, State's Attorney of Lake County, of Waukegan, and William M. Graham, Assistant State's Attorney, of Waukegan, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

Plaintiffs, Howard B. Quinn and Charlotte J. Quinn, brought this suit against the defendants, Charles E. Larson, individually and as Sheriff of Lake County, Illinois, and Federal Savings and Loan Insurance Corporation (herein called "Federal"), to recover actual damages in the sum of $800,000 and punitive damages in the sum of

$1,000,000 for an alleged wrongful seizure and sale of plaintiffs' personal property. The trial court granted defendants' motion to strike the second amended complaint (herein called the "complaint") and plaintiffs have appealed to this court.

Federal confessed two judgments against the plaintiffs in the Circuit Court of Cook County and caused executions to be issued thereon directed to the Sheriff of Lake County. Under these executions, the Sheriff levied and sold certain personal property, consisting of farm machinery, livestock, and other chattels, located on property known as the Lakewood Farm. This seizure and sale was the basis for the plaintiffs' action.

Plaintiffs' complaint, as best we can determine, alleged that the levy and sale were wrongful for the following reasons: (1) Federal, as an agency of the United States or as a corporation, created pursuant to an Act of Congress, of which the United States is owner of more than one-half of its capital stock, may by virtue of 28 USCA sections 1345 and 1349, bring suit only in a federal district court; and that the state court was without jurisdiction to enter the judgments confessed against the plaintiffs; (2) that Federal is a foreign corporation and failed to qualify to do business within the State of Illinois as required by ch 32, Ill Rev Stats 1965; and (3) that Federal wrongfully caused the circuit court of Lake County—wherein a real estate foreclosure suit was pending in which Federal was plaintiff—to allow the receiver in such suit to permit the sheriff to levy on the personal property of plaintiffs.

Federal moved to strike the complaint on the ground that it was insufficient in law since the federal jurisdiction granted by the cited sections of the US Code is concurrent and not exclusive, and, therefore, the Circuit Court of Cook County had jurisdiction to enter such judgments by confession and to issue execution for the enforcement thereof; and that the defendant, Charles E.

Larson, as Sheriff, likewise had authority to levy upon and sell the goods and chattels of the defendant under the authority of such execution. In this motion Federal further attacked the legal sufficiency of the complaint on the ground that Federal Savings and Loan Insurance Corporation is not a business corporation which is required to qualify as a foreign corporation under the laws of the State of Illinois; and because the other matters alleged in the complaint did not entitle the plaintiffs to the relief sought.

■ Plaintiffs' reasons (1) and (2) for the wrongfulness of the levy and sale are not argued in their brief before this court. While we seriously question whether a meritorious argument could have been made on these points, we will not consider them because they were not sufficiently or properly presented to us for review and, consequently, will be deemed to have been waived. Appellate Court Rule 7 (IV), (Ill Rev Stats 1965, c 110, par 201.7 (IV)); McMillen v. Rydbom, 56 Ill App2d 14, 29, 205 NE2d 813 (1965); Slovinski v. Beasley, 316 Ill App 273, 276, 45 NE2d 42 (1942).

As to reason (3), neither the allegations of the plaintiffs' complaint nor the argument of their brief is clear. Plaintiffs asserted that Federal wrongfully obtained an order from the circuit court of Lake County in a pending foreclosure proceeding, allowing the receiver appointed therein to permit the sheriff to levy on certain of plaintiffs' personal property located on the premises being foreclosed upon—but did not include such alleged order as an exhibit to the complaint or as a part of the record and they failed to allege who were the defendants in the foreclosure proceeding. Plaintiffs argue that the court in which the foreclosure suit was pending had no jurisdiction to give any assistance to the sheriff in making the levy under the execution directed to him from Cook County; and that the taking of the personal property was thus an illegal and unlawful conversion.

The execution, levy and sale were based on the judgments confessed in the Circuit Court of Cook County. And, this execution could lawfully be directed to the sheriff of any county of the State against land, goods and chattels of the judgment debtors. (Ill Rev Stats 1965, c 77, par 4.) If, as plaintiffs seem to allege, Federal sought to enlist the aid of the court in the foreclosure suit in connection with the satisfaction of the Cook County judgments, it does not follow that such action—even if contrary to the law concerning foreclosure proceedings—would necessarily invalidate the execution, levy and sale which were carried out in an otherwise lawful manner. Plaintiffs have assumed that the alleged aid in the foreclosure suit would taint an otherwise proper action to enforce these judgments. However, they have cited no authority to support this proposition! The cases cited by plaintiffs for the most part pertain to the restrictions which are placed on a court in a foreclosure proceeding with reference to deficiency judgments, and are not relevant to their apparent position as stated in their complaint or to their argument.

The complaint does not indicate how the court aided or enabled the sheriff to make the levy. It was the execution which empowered the sheriff to make the levy. The plaintiffs did not allege that the sheriff, armed with the execution, lacked the authority to proceed with the levy and sale without the assistance of the court in which the foreclosure proceedings were pending. If it were the plaintiffs' contention that such alleged procedures in some manner invalidated the levy and sale under the execution, they should have concisely pleaded the attendant relevant and significant facts in their complaint and, upon appeal, they should have clearly and adequately presented these facts in their brief and argument.

It is not our duty to speculate as to supposititious facts and contentions in interpreting plaintiffs' obscure

pleadings and brief (Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, 285 Ill App 317, 330, 2 NE2d 338 (1936)) ; and it is not for us to assume the role of an advocate.

■ ■ Appellate Court Rule 7 (Ill Rev Stats 1965, c 110, par 201.7), placed upon the appellants the duty to present to us in their brief, their theory of the case; points and authorities; an adequate statement of facts; and their argument based on such points and authorities. The brief should be comprehensible and prepared in an orderly manner to the end that we may properly ascertain and dispose of the issues involved. We are not required to determine the real issues of this litigation by conjecture, and our rules have the force of law. Security Bank of Mt. Carmel v. Pollard, 3 Ill2d 153, 156, 157 119 NE2d 777 (1954) ; Biggs v. Spader, 411 Ill 42, 44, 45, 103 NE2d 104 (1952). From an examination of plaintiff's brief, we cannot ascertain that the trial court in any way erred in dismissing the complaint for failure to state a cause of action with reference to the contention set forth under reason (3).

Plaintiffs also argue that Federal has no right to access to our courts in that it had not secured a license to do business as an insurance company in accordance with the requirements of section 121 of the Insurance Code of 1937 (Ill Rev Stats 1965, c 73, par 733). They further urge that the Act of Congress creating the Federal Savings and Loan Insurance Corporation is unconstitutional if it permits Federal either to do business in our State, or to seek access to our court without first securing a license. Neither of these contentions were pleaded in the trial court.

Section 1725(c) of 12 USCA, provides that ". . . the Corporation [*Federal*] shall become a body corporate, and shall be an instrumentality of the United States, and

as such shall have power . . . (4) To sue and be sued, complain and defend, in any court of competent jurisdiction in the United States . . . ." (Bracket italics ours.) This section appears to authorize suits by Federal in the Circuit Court of Cook County, and plaintiffs concede that they are unable to find any case which supports their argument that said section is unconstitutional or that Federal cannot do business in Illinois without first complying with the license requirements of the Insurance Code.

However, since neither of the last stated contentions was alleged in plaintiffs' complaint, an argument based thereon may not be presented for the first time to this reviewing court as the basis for plaintiffs' cause of action. Zelney v. Murphy, 387 Ill 492, 495, 496, (1944) ; Broberg v. Mann, 66 Ill App2d 134, 138, 213 NE2d 89 (1965) ; Government Employees Ins. Co. v. Dennis, 65 Ill App2d 365, 370, 212 NE2d 759 (1965).

We are of the opinion that the plaintiffs' complaint failed to state a cause of action, and that the trial court was correct in ordering the case dismissed.

Order affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.