Ronald E. Flynn, Administrator of the Estate of Rhonda K. Flynn, Deceased, Ronald E. Flynn, Individually, and Joyce Flynn, Individually, Plaintiffs-Appellants, v. Patrick Vancil, Defendant-Appellee.

Gen. No. 66–47.

Third District.

December 6, 1967.

James A. Wurbs, of Rock Island, for appellants.

Edward Keefe, of Rock Island, for appellee.

HOFFMAN, J.

This appeal from the Circuit Court of Rock Island County, originated as an action by Ronald E. Flynn, as Administrator for the Estate of Rhonda Kay Flynn, by Ronald E. Flynn, individually, for medical and funeral expenses, by Ronald E. Flynn, individually for his injuries and by Joyce Flynn, individually for her injuries against Defendant-Appellee, Patrick Vancil. The complaint alleged, under separate counts, a cause of action under the Wrongful Death Act (Ill Rev Stats, c 70, § 1) for the death of Rhonda Kay Flynn, a fourteen-day-old infant, and actions of negligence for injuries to Ronald E. and Joyce Flynn individually and Ronald E. Flynn for the funeral and medical expenses of Rhonda Kay Flynn, Ronald and Joyce being the parents of Rhonda Kay. The jury found in favor of all Plaintiffs, against Defendant,

and separately assessed the damages for each Plaintiff, awarding zero damages with respect to the wrongful death count. The trial court entered judgment on this verdict and from that portion of the judgment finding the issues for the Administrator but finding no damages, Plaintiff appeals.

The sole issue on appeal in this cause, certified by the trial judge and approved by opposing counsel, is "Can a jury verdict of liability for the death of a two-week-old female awarding no damages for the administrator for the benefit of the surviving mother and father be sustained where there is evidence of incurable congenital physical defect impairing the health of the child?"

The propriety of the jury verdict and judgment of the trial court depends upon the application of the rule that there is a presumption of substantial pecuniary damages where the survivor, entitled to bring a wrongful death action, stands in a lineal relationship to the decedent. The Wrongful Death Act provides for recovery of pecuniary loss only. In Wilcox v. Bierd, 330 Ill 571, 162 NE 170, pecuniary loss is held to mean what the life of the decedent was worth, in a pecuniary sense, to the survivors, and it was said that such loss is to be determined from the proof of the personal characteristics of the deceased, his prospects in life, his mental and physical capacities, etc. In City of Chicago v. Scholten, 75 Ill 468, it was held that in the case of a deceased infant, characteristics such as age, sex, health, mental and physical capacities, habits, education and experience, all of which tend to relate to the child's future circumstances, may be considered in the enhancement of damages.

Because these relevant characteristics are not yet identifiable in the case of an infant, the courts have, in such a case, allowed recovery without proof. Otherwise, great injustice would be done. But there is no authority

which we have found which suggests that allowing a plaintiff to recover without proof requires denying to a defendant probative evidence which might mitigate or tend to reduce the presumed loss. To prohibit so-called "rebutting or mitigating evidence" would deny to the defendant the right to have the loss based upon the actual personal characteristics of the deceased infant.

█ So, we hold that the negative can be shown and the defendant may introduce evidence which will lessen, or tend to lessen, the loss otherwise presumed.

█ But, in the instant case, no such mitigating evidence was introduced. The problem in this Court arises solely upon the facts contained in the certified question. These facts are that the decedent was a female child, two weeks of age, suffering an incurable congenital physical defect which impaired her health. It is obvious that such facts, standing alone, are not sufficient to negative every individual characteristic, if, indeed, that is possible, which may have been possessed or later developed by the infant. Accordingly, we believe that the presumption of substantial pecuniary damages is not overcome by the certified question, and the jury's finding of zero damages cannot stand.

The judgment of the Circuit Court of Rock Island County is reversed and remanded for a new trial.

Judgment reversed and cause remanded.

ALLOY, J., concurring specially.

I concur in the conclusion that the judgment should be reversed and the cause remanded. I cannot, however, concur with the language therein which implies that the presumption of substantial pecuniary damages could be overcome by evidence which might be introduced on behalf of defendant. We are all in agreement that a

371

presumption of substantial pecuniary loss to the lineal next of kin arises by reason of the relationship alone. In my judgment this presumption may not be destroyed. It is the fact of relationship alone from which the presumption arises (Dodson v. Richter, 34 Ill App2d 22, 180 NE2d 505). I feel that the rule in Illinois is, and should be (when lineal next of kin survives), that the presumption of substantial damages for pecuniary loss when a young child is killed is a viable concept and should be given effect by the courts (Ferraro v. Augustine, 45 Ill App2d 295, 299, 196 NE2d 16). While evidence may operate to reduce the amount of such damage, nevertheless there must remain the right to recover substantial damages in a case such as is before us.

Without minimizing the cases which emphasize the presumption of substantial pecuniary loss by reason of the relationship alone, irrespective of the age of the decedent, certainly, in the case of the death of a minor child, this presumption should be a durable one. No one can say that a young child, however ill or handicapped at the moment, would be of no pecuniary value to the next of kin. Developing medical science and the adaptation of individuals of very limited and even nonexistent physical abilities have demonstrated that we cannot, at any point of time, say that a certain individual will have no pecuniary value to his next of kin at any time in the future. To cite a practical example in our present experience, consider the case of the famous Helen Keller who was born both blind and deaf. A pragmatic approach to a problem of that sort would have been that Helen Keller could be nothing but an economic burden the rest of her life. Even communicating with her would seem hopeless. How wrong this would have been has been demonstrated by this remarkable lady's career.

To permit a jury to speculate and conclude on the basis of any evidence presented at a time when the

child is very young, that such child would be of no pecuniary value to his parent, is an improper application of the rules relating to the presumption under consideration. This presumption of substantial pecuniary loss arises from the common experience of men, and, to the extent that the courts have presumed such substantial loss to next of kin, it constitutes a durable presumption which cannot be wholly destroyed. It would be impossible to prove affirmatively at this stage that any pecuniary loss would be sustained by the parents. Similarly, it is also impossible to prove that no pecuniary loss would be sustained. The sole effect of evidence which could be offered on behalf of defendant would be to reduce the amount of damages. Such damages, however, cannot be reduced below what the jury as approved by the court would determine to be substantial damages.

I believe that these considerations should be guiding principles on a retrial of this cause.

### Special Concurring Opinion.

STOUDER, P. J.

I concur in the conclusion that a new trial should be held on all issues. This case presents some diversity of opinion among the members of the court on the applicable principles.

At the outset, I must hold that the verdict complained of is erroneous because it is inherently contradictory. The Wrongful Death Act provides an action for the death of a person in any case where the death was caused by the wrongful act, neglect or default of another and where the decedent would have been able to maintain an action for negligence but for his death. In other words the action contemplated is an action for negligence. "The essential elements of a cause of action for negligence are (1) The existence of a duty on the part of

the person charged to protect the complaining party from the injury received; (2) a failure to perform that duty; and (3) an injury resulting from such failure. . . . the absence of any one of these would render the pleading bad." Devaney v. Otis Elevator Co., 251 Ill 28, 95 NE 990 (see to the same effect McClure v. Hoopeston Gas & Electric Co., 303 Ill 89, 135 NE 43, and Drury v. East St. Louis Light & Power Co., 194 Ill App 121). What the jury has done in the instant case is to say in effect "We find the Defendant guilty of negligence but we find that one of the essential elements of negligence is not present." This is a verdict without meaning and cannot be allowed to stand.

The certified question of law ignores the basic error in the verdict but relies on the peculiar error in the verdict as the basis for submitting the question. The question could not have arisen in the form in which it was submitted to us in the absence of such peculiar error. A consideration of the question is therefore only material as it relates to correcting the verdict. The verdict can not be remedied by granting the judgment to either the Plaintiff or Defendant which leaves the alternatives of a new trial on the issue of damages only or a new trial generally. If substantial damages are presumed from the relationship as a matter of law it would follow that a new trial should be limited to the issue of damages only. If on the other hand the presumption is rebuttable to the extent that there could be no damages, it would follow that a new trial generally is required, a new trial on the issues of damages only might only perpetuate the error.

The issue presented by the certified question of law is not whether the evidence or the conclusion relating to the evidence supports the verdict of no damages but whether such finding of no damages can be supported by any state of facts, i. e. degree of impaired health.

The conclusiveness of the presumption is therefore directly involved.

Our courts have repeatedly held that substantial damages will be presumed from the existence of a lineal relationship in a Wrongful Death Act. City of Chicago v. Scholten, 75 Ill 468; Jackson v. Fisher, 341 Ill App 311, 93 NE2d 438. The holdings, in the case of a minor child, are predicated upon the right of the parents to the future services of the child and the impracticality of proving the future value of those services. (See ILP, Vol 16, p 34 and cases cited therein.) Our courts have also held that while the law will presume substantial damages there must be some evidence upon which the jury may base a finding of substantial damages, Jackson v. Fisher, 341 Ill App 311, 93 NE2d 438; City of Chicago v. Scholten, supra, and that testimony that the minor was a bright, healthy and intelligent child is sufficient. Jackson v. Fisher, supra.

In determining the effect of this presumption I believe that a line of cases must be considered which in strong language holds that no presumption of fact may stand in the face of evidence to the contrary. Sharp v. Sharp, 333 Ill 267, 164 NE 685; Lohr v. Barkmann Cartage Co., 335 Ill 335, 167 NE 35; Osborne v. Osborne, 325 Ill 229, 156 NE 306; Miller v. Pettingill, 392 Ill 117, 63 NE2d 735. How then is it possible to distinguish between what the courts have held to be conclusive presumptions of fact and those which are rebuttable? It seems to me that the distinction may be made by stating that there are certain presumptions against which the court can conceive of no convincing evidence to the contrary. These are the so-called "conclusive presumptions" and include, among others that a child under seven years is incapable of forming a criminal intent or that a female under a certain age is incapable of consenting to sexual intercourse. Is the presumption of substantial

pecuniary loss in this category? I think not. Removing from consideration the mental anguish and bereavement of the parents which our Supreme Court has held are not proper elements of damage (City of Chicago v. Major, 18 Ill 349), I think it is quite possible to conceive of circumstances under which this presumption could be rebutted. It is not the value of a human life which is involved in this proceeding such question having eluded the efforts of philosophers and legal scholars, notwithstanding the considerable thought applied thereto. Instead pecuniary loss to the survivors is the issue and such question depends on present reasonable probabilities, not upon speculation concerning doubtful possibilities.

To hold that a presumption may be both conclusive and rebuttable is I believe a patent contradiction. The language of the presumption itself is that of degree or relativity. The effect of the presumption depends upon the variables of human experience and evidence not described by its terms. From the nature of the presumption it does not appear to me that the degree to which the presumption can be rebutted is or can be limited.

Furthermore if the presumption be deemed conclusive IPI Instruction No. 31.01.03 would be inapplicable and the survivor would be entitled to an instruction relating to the conclusive effect of the presumption. This result appears to me to be both unjustified and unnecessary.