CHARLES EARL WRIGHT, Plaintiff-Appellant, *v.* MARY E. McGEE, Defendant-Appellee.

(No. 54558;

First District—October 30, 1970.

*Rehearing denied, November 25, 1970.*

Arthur S. Gomberg, of Chicago, (Samuel Nineberg, of counsel,) for appellant.

Haft, Shapiro & Haft, of Chicago, (Reuben J. Liffshin and Morris A. Haft, of counsel,) for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Appeal is taken from an order allowing a petition filed by Mary E. McGee (hereinafter referred to as "defendant") under Section 72 of the Civil Practice Act, by which she sought to vacate an *ex parte* judgment against her in a personal injury action. Plaintiff contends that defendant was "guilty of inexcusable neglect" in following the primary action and in the filing of the Section 72 petition.

Plaintiff filed a complaint against defendant and one Andrea Corsino on Augst 23, 1963, alleging that on January 6, 1963 he suffered injuries on a defective stairway while an invitee in a building located in Chicago allegedly owned and possessed by defendant and Corsino. On March 5, 1963, defendant filed an answer to the complaint, "by her attorneys, BAIM & BAIM," denying that she owned, controlled or possessed the building. An amended complaint was filed joining Tessie A. DeVuono as a defendant and alleging that she owned, controlled and possessed the building.

On October 1, 1964 Tessie DeVuono filed answers to plaintiff's interrogatories, the answers appearing on the legal stationary of the law firm of Baim & Baim, stating that Mary E. McGee was the person having the possession and control of and who collected the rents of the building on January 6, 1963. On October 21, 1964 defendant filed an amended answer to the amended complaint, again on the legal stationery of Baim

& Baim, denying that she was the owner of the building in question on the date of the alleged mishap.

On August 26, 1968, on motion of the plaintiff, Tessie DeVuono and Andrea Corsino were dismissed out of the case. On the same day, an "Order of DeFault" was entered against defendant, and after a "prove up" before a jury, judgment was entered for plaintiff against defendant in the sum of $7,500.

On August 22, 1969, defendant filed the instant petition under Section 72 alleging that she had not been personally served with summons in the primary action; that she was not aware of the proceedings against her and had not retained the "firm of BAIM & BAIM or JAY BAIM to represent her in this or any other proceeding"; that said Jay Baim, "who was the attorney of record for all of the parties made defendants herein, died in January of 1966, and that therefore, there was no representation of any of the defendants in this cause on the trial date"; that the defendant was the contract purchaser of the building under Articles of Agreement for Warranty Deed from the contract seller, Tessie DeVuono; and that due to certain misrepresentations in the said contract, there existed a conflict of interest between the defendant and the others joined in the action, making the position of Baim & Baim and Jay Baim "inconsistent" with the rights of the defendant, and that a counterclaim should have been filed on behalf of the defendant against Tessie DeVuono.

The defendant's affidavit attached to the petition averred that she found the summons for the personal injury action in her mailbox; that she delivered the summons to Peter DeVuono, the negotiator of the contract of sale, who in turn told the defendant that he would deliver the summons to the insurance carrier holding coverage on the property; that the defendant had no contact with, nor had she retained "an attorney or attorneys known as BAIM & BAIM or JAY BAIM," nor did she ever speak with any attorneys concerning the claim made by plaintiff; that Jay Baim died in January of 1966, leaving defendant without counsel in the matter, regardless of whether she was properly represented by counsel prior to his death; that under the circumstances she should have been advised of the importance of being represented by counsel; and that having been without counsel and having been unmindful of the action pending against her, she did not appear to defend her rights, wherefor judgment was entered against her. (At the subsequent hearing on the petition, defendant testified that she had learned of the judgment against her a few weeks before the filing of the petition through the Chicago Title & Trust Company.)

Plaintiff's motion to strike the petition, on the grounds that defendant failed to plead a meritorious defense and that she had not exercised due

diligence, was allowed, and the petition was stricken and defendant given leave to amend.

An amended petition was filed alleging substantially the same matters contained in the original petition, and adding that she had a meritorious defense relative to liability, and the nature of the injury and any and all other pertinent matters; and amended affidavit was also filed averring that defendant was lulled by the actions of all parties in the cause into the belief that her interests would be protected in the primary action.

On the same day that the defendant's amended petition and affidavit were filed, the attorney who represented the plaintiff in the trial of the primary action also filed an affidavit averring that when the case came on for trial, plaintiff's counsel answered ready; that said attorney had learned that defendant would not answer ready for trial and advised the assignment judge of that fact; and that notwithstanding such representation, the assignment judge assigned the case for trial, the judge telling the affiant that if he did not proceed to trial, the case would be dismissed.

Plaintiff moved to strike the amended petition again on the grounds that it failed to allege a good and meritorious defense and further failed to plead that defendant acted with due diligence. The motion to strike the petition was denied, and the judgment was vacated, the court finding that the defendant had exercised due diligence, that she had a meritorious defense, that counsel who had filed an appearance and answer for the defendant had died and no one was substituted for him, and that defendant had no notice of the death of counsel or of the trial date. Plaintiff appeals from that order.

The allegations and averments contained in the petition and the supporting affidavit, respectively, reveal a conflict which materially bears on the question of defendant's diligence in following the primary case against her and in filing her petition under Section 72. It is alleged and averred that the "firm of Baim and Baim and Jay Baim" were retained to represent the defendant and the others joined in the primary action, and further that upon the death of Jay Baim in 1966, the defendant and the others were without counsel in the matter. It is unclear whether the Baim & Baim firm consisted of more than one attorney or whether Jay Baim was a sole practitioner practicing under the firm name of Baim & Baim, and it does not appear this conflict was resolved by the trial judge who heard the arguments on the Section 72 petition.

■■ Assuming that attorney Jay Baim practiced as a sole practitioner under the name of Baim & Baim, his death prior to the trial of the primary action resulted in a complete lack of counsel for defendant. If such were the situation, it cannot be considered as a matter of inexcusable

neglect so as to bar defendant from an opportunity to prove the matters alleged in her answer. If, on the other hand, attorney Jay Baim was one of a number of attorneys comprising the firm of Baim & Baim, the survivor or survivors in the firm should have continued the representation of the defendant in the primary action, and the negligent failure to appear at the trial of the matter would be chargeable to the defendant.

The cases cited by plaintiff in support of his contention are not applicable to the situation posited above, where a sole practitioner, practicing under a firm name, dies and leaves his client, who lacks knowledge of the death, without representation in pending litigation. See *Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464; *Harder v. Advance Transportation Co., Inc.*, 26 Ill.App.2d 439. It should also be noted that this case does not present a situation where a party turns over a summons to another and then "relies upon the other to take care of the matter," as plaintiff asserts, in view of the fact that an appearance and answer were in fact filed by Baim & Baim on behalf of the defendant. The case of *Wagner v. Sulka*, 336 Ill.App. 101, is therefore not in point.

Baim & Baim represented not only defendant, but also Mrs. DeVuono and Andrea Corsino. Answer was filed by Baim & Baim on behalf of defendant denying the allegations in the complaint that she was the owner, controller and possessor of the building. However, answers to interrogatories were also filed by Baim & Baim on behalf of Mrs. De-Vuono stating that defendant was the owner, possessor and controller of the premises and that she collected the rents, directly contradicting the denials in the defendant's answer to the complaint.

■■ Plaintiff, in a passing statement in the brief, states that defendant failed to allege a meritorious defense in her petition, but that the petition alleges a mere conclusion. This point has not been briefed on this appeal and was not otherwise argued in the brief, except for a short paragraph alluding to the statement. The matter has not been properly preserved for appeal and has been waived. Sup. Ct. Rule 341(e) (5) & (7); Ill. Rev. Stat. 1969, Chap. 110A, Para. 341(e) (5) & (7); *Quinn v. Larson*, 77 Ill.App.2d 240.

Under the circumstances of this case equity dictates that the order vacating the judgment be reversed and the cause remanded for further proceedings. The defendant's petition states that Jay Baim died in January 1966. This was more than two years previous to the entry of the judgment. A question has been raised as to whether the former law firm of Baim & Baim was in existence at the time the judgment was entered. The order vacating the judgment is reversed and the cause is remanded with directions to determine whether the firm of Baim & Baim, or a member thereof was engaged in the practice of law in the Chicago area at

the time the judgment was entered and to reinstate the order vacating the judgment if it is determined that the former firm of Baim & Baim was not engaged in the practice of law in the Chicago area at the time the judgment was entered.

Order reversed and cause remanded with directions.

McCORMICK, P. J., and LYONS, J., concur.