CASAMINCO PRATHER, as Adm'rx. of the Estate of Donnie Lee Prather, Deceased, Plaintiff-Appellant, *v.* LOYAL W. LOCKWOOD, Defendant-Appellee.

(No. 12139;

Fourth District—May 2, 1974.

CRAVEN, J., dissenting.

Ivan Light, of Normal, for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Thomas M. Barger, III, of counsel), for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The plaintiff as administratrix of the estate of her son obtained a judgment for $2,000 in a wrongful death action. The son was killed as a result of an automobile accident occurring on July 3, 1964, when a rendering truck owned by the defendant and driven by the decedent's father crashed into a concrete bridge abutment in Macon County, Illinois. Judgment on the verdict was entered by the circuit court of McLean County. Motion for new trial was denied and two issues are presented for our consideration. (1) Did the trial court improperly restrict the plaintiff's inquiry into the character, personality and good points of the decedent and (2) is a jury award of $2,000 damages to his mother adequate for the death of an 18-year-old son as a matter of law?

■■ The first point raised by the plaintiff is not argued in her brief and under Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1971, ch. 110A, sec. 341(e)(7)), it is stated that "points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing". The mere assertion of error without explanation is not sufficient to preserve that error for review. (*Wright v. McGee*, 131 Ill.App.2d 522, 264 N.E.2d 882; *Ray v. Cock Robin, Inc.*, 10 Ill.App.3d 276, 293 N.E.2d 483; *Quinn v. Larson*, 77 Ill.App.2d 240, 222 N.E.2d 239; *Flynn v. Vancil*, 41 Ill.2d 236, 242 N.E.2d 237.) The reason for this rule and these decisions are perhaps bluntly stated in *In re Estate*

*of Kunz,* 7 Ill.App.3d 760, 763 288 N.E.2d 520: "Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities· and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and the research as it were, upon the court." We therefore conclude that the issue of undue restriction in evidence has been either waived or abandoned.

■■ The second point that the jury award is inadequate as a matter of law poses for this court the same evidentiary vacuum that was presented to the jury. The testimony was that the decedent was rather well built, weighed about 185 pounds, was in good health at the time of his death, had participated in athletics and liked to sing. He had not graduated from high school, had never held what could be termed a steady job and was mentally handicapped to the extent that he was enrolled in the Educable Mental Health Program at Illinois State University. His mother testified that he earned $60—$70 per week and spent about $50 for his own purposes and gave the rest to her. The record is silent as to the nature or extent of his handicap. The record is silent as to any progress or lack of·progress he had or was making in the EMH Program at Illinois State University. The difficulties presented in establishing damages for pecuniary injuries resulting from a wrongful death to the next of kin of a decedent is discussed at length in three separate opinions filed in *Flynn v. Vancil,* 89 Ill.App.2d 368, 232 N.E.2d; and considered by the Illinois Supreme Court on appeal in 41 Ill.2d 236, 242 N.E.2d 237. It is not debatable but that a presumption arises of loss to a lineal descendant from a wrongful death. That presumption is to be considered if there is no other evidence on the issue, or if there is evidence that presumption should be weighed by the jury with such other evidence. *Flynn* squarely holds that where the evidence shows an incurable, congenital physical defect impairing the health of a 2-week-old child, a jury is warranted in finding that even though there may be liability, there is no damage to the administrator for the benefit of a surviving father or mother.

■■ .Under the evidence in this case, we cannot say that the size of this verdict has no relationship to the pecuniary injuries suffered by the mother nor that the $2,000 award was the result of any passion or prejudice, on the part of the jury. There is no evidence in this record as to the nature of the decedent's handicap, there is no evidence as to his life expectancy, and there is no evidence as to his progress, if any, in the special school. As was stated in *Naslund v. Watts,* 80 Ill.App.2d 464, 474, 224 N.E.2d 474, "The amount of damages to be awarded in a wrongful death action cannot be determined with mathematical certainty, and rests largely with the discretion of the jury. Jury awards,

in such cases, should not be set aside on review unless they are evidently the result of passion or prejudice, or bear no relation to recovery for the pecuniary injuries to lineal descendants." In *Naslund,* a $15,000 verdict for the death of a 77-year-old woman with a 7-year life expectancy was upheld. She had an annual income of $1500 from a farm and $68 per month from Social Security. In *Keel v. Compton,* 120 Ill.App.2d 248, 256 N.E.2d 848, the decedent was 63 years old and had a life expectancy of 14 years. His earnings were $6000 plus for the 2 years preceding his death. The trial court set aside a $5000 verdict and indicated that the jury disregarded the court's instruction insofar as it related to loss of support. These cases suggest the type of proof required to establish proof of substantial loss of income. In this case, death occurred in 1964 and did not reach trial until 1972. We see no basis for holding that the jury subverted its duty under the evidence or failed to follow instructions. The proof of pecuniary loss is too anemic and speculative for us to say as a matter of law that the $2000 is inadequate to compensate for the reasonably expected pecuniary loss. The judgment therefore must be affirmed.

Affirmed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

As I view this record, the verdict of the jury amounts to a compromise upon the issue of liability and damages or else the result is a verdict for damages that is inadequate as a matter of law. I would reverse and remand this case for a new trial upon the issue of damages only.

The jury found that the defendant Lockwood was liable and that his liability was predicated upon willful and wanton misconduct of his employee. The employee was the father of the decedent. The issue of liability is now settled since there was no cross appeal upon this issue.

A verdict in a wrongful death case in the amount of $2000 for the death of an 18-year-old leaving lineal and collateral descendants, when the record shows the decedent to be in good health, when it shows that he was employable, when it shows that he contributed some $20 a week to the family for support, is inadequate as a matter of law. The jury in this case was properly instructed that there was a presumption of substantial pecuniary loss by reason of the death. The *Flynn* case cited in the majority opinion and *Anthony v. New York Central R.R. Co.,* 61 Ill.App.2d 466, 209 N.E.2d 686, are authority for the proposition that the presumption of substantial pecuniary loss is rebuttable and that the presumption is weighed with other evidence.

The judgment in this case is inadequate not because of a rejection of the presumption, but because the affirmative evidence, even if not presented in model form, commands a higher verdict. The decedent's life expectancy was not established; however, the decedent was shown to be in good health, was employable, and this court can, as the defendant candidly conceded at oral argument, take note of a life expectancy that clearly shows this award to be inadequate as a matter of law. Here, as in *Keel v. Compton*, 120 Ill.App.2d 248, 256 N.E.2d 848, the verdict of the jury bears no reasonable relationship to the damage.

The affirmance of this inadequate award in this wrongful death action comes at a time when our supreme court has expanded the compensable element of damage in a wrongful death case so as to include pain and suffering. (*Murphy v. Martin Oil Co.*, 56 Ill.2d 423, 308 N.E.2d 583.) The supreme court of South Dakota likewise expanded the compensable items under its wrongful death action in *Anderson v. Lale*, 42 L.W. 2522. Our supreme court in *Murphy* concluded that "To say that there can be recovery only for his wrongful death is to provide an obviously inadequate justice. * * * It is obvious that in order to have a full liability and a full recovery there must be an action allowed for damages up to the time of death, as well as thereafter." (56 Ill.2d at 437.) In this case, as I view this record, the liability is clear and the damages amount to inadequate justice.