THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE B. SCOTT, Defendant-Appellant.

Fifth District   No. 78-543

Opinion filed November 9, 1979.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant Willie Scott appeals from her conviction in the circuit court of Jackson County for attempt deceptive practices. The sole issue on appeal is whether the trial court erred in denying defendant's motion for appointment of a handwriting expert.

Defendant was charged with attempting to purchase a movie projector from J. C. Penney's by writing a check on a closed account. The State's case consisted of eyewitness testimony by a store clerk who watched the defendant make out a check in her presence and the testimony of a police officer who interviewed the defendant at the scene following a report of the incident. A bank officer further testified as to the procedures in opening and closing a checking account at the bank in

question and that defendant's account had been closed for a year and a half prior to the attempted negotiation of the controverted check. Defendant's case consisted of a general denial of the charges in that she denied that she had been to Penney's on the day in question and that the signature on the check was hers. Defendant's aunt testified that she had spent the entire day with defendant and that neither of them had gone to Penney's. Defendant took the stand on her own behalf and compared the signature on the check with several known specimens of her handwriting. All these exhibits went to the jury, who returned a verdict of guilty.

Defendant filed a motion for appointment of an expert witness the day before trial. The motion was denied after a hearing on the ground that it was really an attempt to gain a continuance of the case without complying with the spirit or the letter of section 114—4 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 114—4). The motion alleged that there was a material question of fact as to who signed the check and that the testimony of a handwriting expert would be essential to defendant's case by creating a reasonable doubt of mistaken identity should he conclude that the signature was not hers. The motion was grounded on the constitutional right of criminal defendants to compel witnesses in their own behalf. Defendant requested that the witness be paid from the Jackson County general fund since she was indigent.

Defendant did not make a separate request for a continuance, but stated at the hearing on the motion for appointment of an expert that the granting of the motion subsumed the granting of a continuance. The State opposed the motion on the grounds that the public defender's office has funds at its disposal for such purposes, that four months had elapsed since indictment without any prior attempt on the part of defendant to secure an expert, and that a jury panel had been assembled and witnesses subpoenaed for commencement of trial the following day. The defendant then withdrew that portion of her motion asking that the expert be paid out of county funds. Defendant's substantive request, therefore, was for a delay in the proceedings to enable her to find an expert and arrange for payment from the public defender's fund or elsewhere.

■■ ■ The defendant's brief is directed to the alleged error of the trial court in failing to appoint an expert witness at public expense. It is clear, however, that defendant waived this issue when she withdrew her request that an expert be paid out of county funds. Any obligation of the trial court to appoint an expert on the basis of defendant's indigency was thus relieved. Furthermore, defendant has not preserved this point for appeal since she failed to raise it in her post-trial motion *before* filing her notice of appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) She attempted to assert it by way of an amended post-trial motion after the notice of appeal had been filed. It is well settled in Illinois, however, that

the trial court is divested of jurisdiction as to all matters of substance within the scope of an appeal once the notice of appeal has been filed. (*Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330; Karasik, *Jurisdiction of Trial Court After Notice of Appeal*, 53 Ill. Bar J. 30, 41 (1964).) Clearly, defendant's amended post-trial motion was substantive in that it attempted to enlarge the very issues to be heard on appeal.

The question of whether or not a continuance should have been granted in this case has likewise not been preserved for appeal. Since defendant has confused these two concepts, and since the grounds for waiver differ in each case, our reasons for so holding will be briefly set forth. We have already noted that defendant affirmatively withdrew her request for a court-appointed and State-paid expert. This leaves us with an ill-defined and unarticulated request for a continuance. Defendant has simply failed to frame the issues in this case. It is not the duty of a court of review to speculate as to the real issues involved on appeal. *Quinn v. Larson* (1966), 77 Ill. App. 2d 240, 222 N.E.2d 239.

On the basis of the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

KARNS and KASSERMAN, JJ., concur.