THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, v. ROBERT VESOLOW-SKI et al., Defendants-Appellants.

(No. 57338; ▮▮▮▮▮▮▮▮▮

First District (3rd Division)—January 10, 1974.

*Rehearing denied February 4, 1974.*

Allen H. Schultz, of Chicago, for appellants.

Morton Siegel and Kenneth S. Freedman, both of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Buckingham Corporation is the national distributor of Cutty Sark, a Scotch whisky. It sells this product through retailers in Illinois under contracts drawn in accordance with the Fair Trade Act (Ill. Rev. Stat. 1969, ch. 121½, pars. 188—191). One of these contracts bound the defendants, Robert and Irene Vesolowski. The contract provided that Cutty Sark would not be sold, advertised or offered for sale below the price stipulated by Buckingham. The minimum stipulated retail price of a quart of Cutty Sark on December 3, 1970, was $8.25. Buckingham accused the Vesolowskis of advertising the whisky on that date for $7.19 a quart. On December 10, 1970, it filed a complaint asking for temporary and permanent injunctions enjoining the Vesolowskis from advertising, offering to sell or selling the whisky for less than the stipulated price. A copy of a typical fair-trade contract and a newspaper advertisement of the Vesolowskis' were attached to the complaint.

A preliminary injunction was entered. The injunction was vacated on October 21, 1971, by a consent decree in which the Vesolowskis agreed that if they ever again sold or offered for sale any of the products distributed by Buckingham for less than the prices stipulated, a permanent injunction could be entered against them. Jurisdiction of the case was retained by the court.

On December 28, 1971, a petition filed by Buckingham alleged that the Vesolowskis had violated the consent decree by selling, on December 12, 1971, a fifth of Cutty Sark for $5.69, although the stipulated fair-trade price on December 12th was $6.59. The petition prayed for the immediate issuance of another temporary injunction.

The Vesolowskis answered; the sale was denied and two abandoned defenses were raised: the fair-trade program had been abandoned at the time of the alleged sale, and Buckingham was prohibited by statute (Ill. Rev. Stat. 1969, ch. 32, par. 157.125) from filing any legal action because it was not authorized to transact business in Illinois.

An injunctive order was entered on January 18, 1972, which was effective to January 24th. On that date it was extended to February 3rd; on February 3rd it was extended until February 8th; on February 8th it was extended to February 24th, then it was extended once more to March 10, 1972. On March 9th the Vesolowskis filed an interlocutory appeal from the orders of January 18, January 24, February 3, February 8 and February 24.

The defendants pray that the five successive injunctional orders be dissolved and reversed. The points advanced in support of the prayer are these:

1. The trial court erred in not holding an evidentiary hearing before issuing the January 18, 1972, injunction.
2. The order granting the injunction was defective.
3. The petition for the injunction was not properly verified.
4. The consent decree of October 21, 1971, provided that a permanent injunction could issue against the Vesolowskis if they again violated the fair-trade contract, but Buckingham applied for, and received a temporary injunction.

None of these points are contested in the plaintiff's answering brief. Instead, two affirmative contentions are raised, the first of which is that the defendants are appealing from a nonappealable order. It is argued that despite the terminology used in the order of January 18th and the subsequent orders, they were in the nature of temporary restraining orders and not appealable as a matter of right.

■■ One of the cases cited in support of this argument is *Bohn Aluminum & Brass Co. v. Barker* (1972), 3 Ill.App.3d 600, 278 N.E.2d 247. Leave to appeal was granted in the *Bohn* case and it was reversed. (55 Ill.2d 177, 303 N.E.2d 1 (1973).) The Supreme Court held that for the purposes of appeal there is no distinction between a temporary restraining order (Ill. Rev. Stat. 1971, ch. 69, par. 3—1) and a preliminary injunction, and both may be appealed under Rule 307(a), which provides: "An appeal may be taken to the Appellate Court from an interlocutory order of court (1) granting, modifying, refusing, dissolving or refusing to dissolve or modify an injunction; * * *." (Ill. Rev. Stat. 1971, ch. 110A, par. 307(a).) Thus it makes no difference if the order in dispute was a temporary restraining order, as the plaintiff argues, or a "temporary" injunction, as the defendant insists. The plaintiff's first contention must be rejected, and its motion to dismiss the appeal, based on the same contention, which was taken with the case, must be denied.

The plaintiff's second affirmative contention is that the appeal is moot; that there is no justiciable controversy before this court because the order from which the appeal is taken expired by its own terms.

■■ The injunctive order of January 18, 1972, was extended from time to time and the last extension disclosed by the record was to March 10, 1972, one day after the defendants filed their notice of appeal. Although the record does not reveal whether the order was extended beyond March 10th, a motion and an affidavit filed in this court by the plaintiff's attorney stated that it was not. The existence of a real controversy is an essential requisite to appellate jurisdiction, and the general rule is that where a reviewing court has notice of facts which show that only a moot question is involved, it will dismiss the appeal even though such facts do not appear in the record. Facts which affect the right and duty of courts to proceed in the exercise of their appellate jurisdiction may be proved by extrinsic evidence, including a motion supported by affidavit. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill.2d 375, 121 N.E.2d 486.) The affidavit of the plaintiff's attorney stated that the order expired on March 10, 1972; thereafter, the plaintiff filed a supplemental pleading and, after a hearing, a new temporary injunction was issued on May 18, 1972. The facts stated in the motion and the affidavit have not been denied and, indeed, they could not be. Subsequent appeals filed in this court between the plaintiff and retail liquor dealers (*e.g., Buckingham v. Vesolowski* (1973), 16 Ill.App.3d 719, —— N.E.2d —— (No. 57798), substantiate their accuracy. Because the motion and affidavit pertained to matters outside the record, permission to file them was denied. Their relevancy to the question of mootness has now become apparent and the order denying leave to file is vacated. Since the order from which this appeal is taken expired the day after the appeal was filed, the present controversy seems to be moot.

The defendants insist that it is not moot; that the appeal involves real and substantial rights between the parties, whose status was established, not by subsequent events, but as of the moment the appeal was filed. The right asserted by the defendants is the statutory right of an aggrieved party to have his damages assessed by the court after an improvident or improperly issued temporary injunction has been dissolved. (Ill. Rev. Stat. 1971, ch. 69, par. 12.) The statute states that in all cases where an injunction is dissolved by any court in this state, the court, before the final disposition of the suit and upon receiving written suggestions by the party claiming damages, shall hear evidence and assess such damages as the nature of the case may require. So that this statutory remedy can be pursued, the defendants request this court to dissolve the injunction and remand the cause for a hearing on the complaint and answer. This is the exclusive relief requested in the defendants' reply brief.

■■ We cannot dissolve something that does not exist. If the injunction

were in force we could dissolve it (Ill. Rev. Stat. 1971, ch. 110A, par. 366(a) (5)), or we could reverse the order granting the injunction as the defendants requested in their notice of appeal and opening brief. This could be done if the appeal were not moot, because, (a) at least one of the defendants' contentions indicates reversible error and (b) the total failure of the plaintiff to contest the defendants' contentions can be taken as a confession of error. But, inasmuch as we hold the appeal to be moot, we can do nothing but dismiss it, for, as the court said in *La Salle National Bank v. City of Chicago*, 3 Ill.2d 375, 379, 121 N.E.2d 486: "* * * an appellate court will not review a case merely * * * to determine the right to, or the liability for, costs * * *." Nor, we might add, for possible damages in a case such as this where no motion to dissolve the temporary injunction was made in the trial court.

Appeal dismissed.

McNAMARA, P. J., and McGLOON, J., concur.