OFFICE ELECTRONICS, INC., Plaintiff and Counterdefendant-Appellee, *v.* GRAFIC FORMS, INC., *et al.*, Defendants.—(THOMAS J. McSWEENEY, Defendant and Counterplaintiff-Appellant.)

Second District   No. 78-475

Opinion filed June 4, 1979.

George W. Hamman, of Liebling, Uriell & Hamman, of Chicago, for appellant.

Lester E. Munson, Jr., of Smith & Munson, of Wheaton, and David S. Acker and Stanley A. Walton, III, both of Winston & Strawn, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

This cause, based upon an alleged breach of an agreement not to compete contained in an employment contract between Office Electronics, Inc. (OEI) and Thomas J. McSweeney, is before us for the second time. In the previous appeal we affirmed the order of the trial court which granted a preliminary injunction against McSweeney and the defendant Grafic Forms, Inc., particularly noting that no determination was made as to the merits of the case. (*Office Electronics, Inc. v. Grafic Forms, Inc.* (1978), 56 Ill. App. 3d 395.) On further proceedings in the circuit court a motion made by McSweeney to dissolve the preliminary injunction and for damages for its wrongful issuance was denied. The court noted, however, in its order that the injunction had been dissolved by its own terms on February 14, 1978,[1] and the injunction bond filed by OEI was ordered returned to it. Further the court ordered that McSweeney's amended counterclaim based upon a claim of a breach of contract also be dismissed on plaintiff's motion. McSweeney appeals from both orders.

He contends that OEI's motion to dismiss the amended counterclaim was improperly granted and also that his motion to dissolve the preliminary injunction and to prove damages was improperly denied.

Many of the facts underlying the dispute between the parties are set forth in our previous opinion which was issued on January 10, 1978 (56 Ill. App. 3d 395, 396-98), and will not be repeated here. In the original complaint OEI had charged McSweeney with a breach of a written employment agreement dated April 1, 1973, with amendments, not relevant here, in 1974-1975. McSweeney answered the complaint and pleaded a breach of the 1973 agreement in a counterclaim. On June 13, 1978, the trial court granted leave to McSweeney to file an amended answer and counterclaim. In his amended counterclaim McSweeney asserted that an oral agreement had been reached between himself and OEI on or about February 14, 1977; that this agreement provided that McSweeney would become a consultant to the new president of OEI; would not compete with OEI for the remainder of 1977 and detailed other alleged agreements as to compensation and benefits. McSweeney further alleged that he had performed all of his obligations pursuant to this oral agreement until it was breached by OEI on or about March 31,

---

[1] The noncompetition clause provided that McSweeney would not compete with OEI for a period of one year after the breach. This would have expired on February 14, 1978. However, the preliminary injunction restrained McSweeney from competing "during the pendency of the action" and McSweeney claims that it was therefore still in effect at the time he made his motion to dissolve.

1977. OEI was given 28 days to answer the amended counterclaim and on July 13, 1978, filed its answer. This essentially admitted that a meeting had taken place on or about February 14, 1977, but denied that any contract was formed stating rather that it was a discussion of settlement which had no definite result. OEI also raised the affirmative defense of the Statute of Frauds.

The case had been previously set for jury trial on Monday, July 17, 1978. McSweeney filed a reply to OEI's answer on Friday, July 14, 1978 alleging its defense to the Statute of Frauds issue. In open court on July 17, the trial date, without prior notice OEI filed a motion to dismiss under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48). In this motion OEI first alleged that no definite agreement had been reached between its president Houston and McSweeney and stated without detail that this allegation was based upon the verified pleadings of McSweeney which included various correspondence between the parties; second, that the February 14, 1977, conversation, even if it could be regarded as a contract, was unenforceable under the Statute of Frauds (both of these positions had been set forth in OEI's answer to the amended counterclaim), and finally OEI stated that the finding of any contract in the February 14 conversation was barred by our holding in the previous appeal.

McSweeney's counsel objected to the filing of the section 48 motion as untimely, being some six days after the time OEI was required to answer, and also claimed surprise. The court offered to continue the hearing on the motion, but McSweeney's counsel indicated that he wanted to go ahead to trial before the jury immediately.

The trial judge then entered the order appealed from. In it OEI's oral motion to voluntarily dismiss its complaint was granted; OEI was granted leave instanter to file its section 48 motion; the prayer of the section 48 motion was granted and McSweeney's counterclaim dismissed.

■ ■ McSweeney first challenges the timeliness of the filing of the section 48 motion on the date of the trial and without prior notice. We conclude, however, that as to the procedural aspect there is no proper basis for our interfering with the discretionary power of the trial court. It would appear that OEI's explicit section 48 motion, although six days late, also constituted an implicit motion under Supreme Court Rule 183 (Ill. Rev. Stat. 1977, ch. 110A, par. 183) for leave to file. The granting or denying of a Rule 183 motion is within the sound discretion of the trial court (*Uretsky v. Baschen* (1977), 47 Ill. App. 3d 169, 179) which, under the facts of this case, we do not find to have been abused. While McSweeney claimed surprise he refused the court's offer of a continuance to further argue the motion. Two of the grounds for the section 48 motion were essentially the same as those set out in OEI's answer to the amended counterclaim; and

the third alleged ground was based upon the effect of our prior opinion which together with the history of the litigation was well known to McSweeney and his counsel. He was not thereby prejudiced in any substantial degree in arguing the motion. (Compare *People v. Lott* (1975), 33 Ill. App. 3d 779, 787.) Moreover, by refusing the court's offer to set the argument over McSweeney has waived whatever right he might otherwise have had to urge that a continuance should have been granted.

We then reach the question whether McSweeney was entitled, by moving to dissolve the preliminary injunction, to have a hearing to determine whether it was properly issued and ostensibly recover damages if it were found to have been improperly ordered.

■■ Damages may be recovered under section 12 of the Injunction Act (Ill. Rev. Stat. 1977, ch. 69, par. 12) "only if the preliminary injunction has been dissolved before the case is disposed of on the merits, and thus adjudicated to have been wrongfully issued." (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439. See also *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 49.) McSweeney argues that the question whether the preliminary injunction was wrongfully issued has never been decided by a hearing on the merits of the issue; and that he should be permitted to show that he did not breach the 1973 contract and therefore that the no-competition clause did not operate since he was wrongfully discharged.

■■ However, the merits of the question of who breached the contract was not the issue which the trial court was called upon to decide in issuing the preliminary injunction. The court in deciding whether to issue the preliminary injunction was merely required to determine whether OEI had a reasonable likelihood of success on the merits; and the issuance was not dependent upon a determination of the merits of the case. (*Schien v. City of Virden* (1955), 5 Ill. 2d 494, 503.) Thus, a temporary injunction may be properly issued although the one who seeks it does not sustain his suit on the merits. *Nestor Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570, 574.

■■ Moreover, McSweeney is not free to raise this issue on this appeal since it was adjudicated against him in the prior appeal in which we held that the trial court did not err in issuing the preliminary injunction. (56 Ill. App. 3d 395, 398.) As a result, we conclude that the trial court acted properly in striking that aspect of defendant's counterclaim which sought to recover damages for the alleged wrongful issuance of the preliminary injunction.

■■ But in our view the trial court erred in dismissing the portions of McSweeney's counterclaim in which he sought to recover for the breach of a supposed oral contract alleged to have been formed by him and Houston, the president of OEI, on February 14, 1977.

■■ The first of the contentions presented in OEI's section 48 motion

that the "supposed verbal agreement made by plaintiff, Thomas J. McSweeney, consisted of nothing more or less than an attempt by the party to settle the dispute described in the pleadings herein," appears to be merely a denial of the allegations in McSweeney's counterclaim and is insufficient to form a basis for dismissal. OEI argues that settlement negotiations are inadmissible and meaningless but this is not entirely correct. Offers of compromise are not admissible as implied admissions of guilt but statements made at a settlement conference, if the conference results in a contract of settlement, are admissible to prove the contract. *People ex rel. Walsh v. Kilbride* (1974), 16 Ill. App. 3d 820, 823.

■■ Nor are we persuaded by the second argument in counterdefendant's section 48 motion that the verbal statements by both parties on February 14, 1977, even if they did constitute a contract, were unenforceable by reason of the Statute of Frauds. McSweeney's allegations indicate that the contract was formed on February 14, 1977, and would be completely executed by January 1, 1978, and thus did not violate the Statute of Frauds. Ill. Rev. Stat. 1977, ch. 59, par. 1.

OEI further argues based on the section 48 motion that a finding that there was a verbal agreement on February 14, 1977, is barred by the "findings" either of the trial court or of this court in our previous opinion. We made no findings on the merits as we specifically pointed out. Similarly, in the trial court the only conclusion which it reached in granting the preliminary injunction was that OEI had a reasonable likelihood of prevailing on the merits of its claim for permanent injunctive relief. This does not amount to a finding that the April 1, 1973, contract was not abrogated on February 14, 1977, by agreement of the parties.

■■ In this court, OEI relies on the argument that the trial court correctly found that McSweeney was "collaterally estopped" based on the claimed inconsistency between McSweeney's original verified pleading in which he denied that he had breached the 1973 agreement and the amended counterclaim, which was also verified, setting up the subsequent oral agreement in 1977. McSweeney in his original pleading did not state that a contract was not formed at the February 14, 1977, meeting, but proceeded on the legal theory that the April 1, 1973, contract remained in full force at all times relevant and that OEI breached that agreement. The amended pleading was inconsistent to the extent that in it McSweeney alleged the mutual rescission by both parties of the earlier agreement by entering into the oral agreement. Where, as here, there is no showing that the elements of estoppel are present, including reliance upon the actions of the person sought to be estopped, even clear and definite admissions of fact in a superseded pleading are not conclusive but remain as evidence subject to explanation and contradiction. (*Chambers v. Appel* (1945), 392 Ill. 294, 307. See also *Stura v. Krilich* (1971), 1 Ill. App. 3d 1002 (abstract).)

In *Stura,* this court ruled that the general admission in a pleading that the parties "entered into a contract" which was withdrawn and superseded by a later pleading denying that fact was available as an evidentiary admission but was not a substitute for trial evidence. See also *John Traff Building Construction Co. v. Keehn* (1942), 314 Ill. App. 419, 435-36.

The order of the trial court dismissing McSweeney's amended counterclaim is therefore reversed ·and the cause is remanded with directions to afford McSweeney a trial on the issue of whether a contract was, in fact, formed on February 14, 1977, and breached by OEI on or about March 31, 1977, as McSweeney alleges. Of course, any evidentiary admissions made by McSweeney in his verified and now superseded pleadings may be introduced against McSweeney. In all other respects the judgment of the trial court is affirmed.

Affirmed in part, reversed in part and remanded with directions.

GUILD, P. J., and WOODWARD, J., concur.