LESTER WITTE & COMPANY *et al.*, Plaintiffs-Appellees, *v.* TODD S. LUNDY, Defendant-Appellant.

First District (3rd Division)    No. 80-3200

Opinion filed June 24, 1981.—Rehearing denied August 25, 1981.

Barry A. Erlich, of Engerman & Erlich, Ltd., of Chicago, for appellant.

William M. Ward, of Hartigan & Ward, of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
The instant action was brought by the plaintiffs pursuant to section 2(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 102(b)) to stay an arbitration proceeding commenced by the defendant because the defendant's demand for arbitration did not state an arbitrable claim.

According to the allegations in the plaintiffs' complaint, the defendant, Todd S. Lundy, withdrew as a partner from the plaintiffs' public accounting firm, Lester Witte and Company, on October 1, 1976. Pursuant to the partnership agreement he was to be paid his equity account interest and his vested equity point interest in the firm over periods of five and ten years, respectively. The complaint further alleged that on or about July 16, 1980, due to temporary cash flow problems, the firm voted to defer these payments to the defendant. On August 11, 1980, the defendant filed his demand for arbitration. This demand was premised on paragraph 23 of the partnership agreement, which stated:

> "Except as provided in Article 13, any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association for commercial disputes, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."

Article 13 is inapplicable to the instant action.

The plaintiffs' petition was filed on November 14, 1980. An arbitration hearing was set for November 20, 1980. On November 17, 1980, the plaintiffs made a motion for a temporary restraining order to enjoin the arbitration proceeding until the court could hold a hearing on the plaintiffs' complaint. On the same day, the defendant moved to dismiss the plaintiffs' complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 10, par. 45). The trial court denied the motion to dismiss, entered a temporary restraining order, effective for seven days, and set a hearing on the plaintiffs' complaint on the day the restraining order was to expire. The defendant appeals from this order and contends that the trial court erred in denying his motion to dismiss the plaintiffs' complaint and in granting the temporary restraining order.

Prior to discussing the merits of the instant appeal, we must first address the plaintiffs' argument that this appeal should be dismissed because the issue of whether the temporary restraining order was properly entered is moot. The plaintiffs rely on *City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 380 N.E.2d 1106, which held that any issue respecting a temporary restraining order is moot when the temporary restraining order has expired and there is no demonstration of the possibility of a claim for damages.

The first case to recognize the appealability of a temporary restraining order was *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1. In this case a temporary restraining order was issued to restrain the individual defendant and other union members from interfering with ingress to and egress from the plaintiff's plant and from threatening or intimidating the plaintiff's employees. The court in *Bohn Aluminum* recognized the brevity of a temporary restraining order as a possible reason for holding such orders nonappealable. This factor was not persuasive, however, for the court stated:

> "During the time when it remains in effect a restraining order could work substantial injury upon the defendant, injuries for which he should be entitled to recover damages if the order was wrongfully issued." (55 Ill. 2d 177, 184, 303 N.E.2d 1, 5.)

The cause was therefore remanded with directions to deny the plaintiff's motion to dismiss the appeal.

A similar factual situation arose in *Bettendorf-Stanford Bakery Equipment Co. v. UAW Local 1906* (1977), 49 Ill. App. 3d 20, 363 N.E.2d 867, wherein a temporary restraining order had been issued after an ex parte hearing to enjoin the defendants from interfering with the movement of traffic upon the plaintiff's premises. The plaintiff moved to dismiss the subsequent appeal because the defendants had not sought damages. The plaintiff contended the appeal dealt with a moot question since the restraining order had expired and no effectual relief could be granted. This argument was rejected when the court held:

"By timely moving to vacate the TRO and then perfecting their appeal, defendants preserved for review the question whether or not the TRO was wrongfully issued. The question of damages, *if any*, does not come into issue until and unless an adjudication is made that the issuance was wrongful." (Emphasis added.) 49 Ill. App. 3d 20, 22, 363 N.E.2d 867, 869.

■■ While *Bettendorf-Stanford* was concerned with the absence of any allegation of damages in the defendants' motion to vacate the temporary restraining order (see *Airline Canteen*, 64 Ill. App. 3d 417, 432 n.1, 380 N.E.2d 1106, 1117 n. 1), we feel that the holding in that case has applicability to the instant case. *Bettendorf-Stanford* discussed the requirements of Supreme Court Rule 307 (Ill. Rev. Stat. 1975, ch. 110A, par. 307) governing interlocutory appeals and stated that that rule did not require appellants to request damages. Furthermore, after discussing the merits of the appeal, the court found the temporary restraining order had been erroneously issued and remanded the cause for a hearing on damages that *may* have been incurred by reason of the wrongful issuance. Thus, our examination of *Bohn Aluminum* and *Bettendorf-Stanford* leads us to a conclusion that the propriety of a temporary restraining order is a justiciable issue that should be reviewed by way of interlocutory appeal without regard for the question of damages. Therefore, we will not dismiss the instant appeal.

■■ On appeal the defendant argues that the trial court committed error (1) in denying his motion to dismiss the plaintiffs' complaint and (2) in granting the plaintiffs' motion for a temporary restraining order. The denial of a motion to dismiss is not a final and appealable order; it is merely an interlocutory order which is not a final disposition of the proceeding sufficient to confer jurisdiction on the appellate court. (*Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276.) Therefore, pursuant to Supreme Court Rule 307(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)), we will only address the second issue raised by the defendant.

The defendant contends that the temporary restraining order was improperly granted because there was no substantial and bona fide dispute as to the arbitrability of the dispute between the parties. The defendant relies on section 2(b) of the Uniform Arbitration Act (Arbitration Act) (Ill. Rev. Stat. 1979, ch. 10, par. 102(b)), which provides:

"On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

Based on this provision, the defendant contends that there was no need

for a temporary restraining order to restrain the arbitration hearing or for the court to hold a hearing on the issue of whether arbitration of the dispute was required.

The plaintiffs contend that the preliminary hearing required by the Arbitration Act had not been held at the time this case was appealed and that, therefore, the issue of whether arbitration is required is not before this court. The plaintiffs contend that the temporary restraining order was properly issued to stay the arbitration hearing scheduled to take place in three days until the court could determine the merits of the plaintiffs' complaint.

The sole purpose of a hearing conducted pursuant to section 2(b) of the Arbitration Act is to determine whether there is an agreement to arbitrate the question in dispute. (*Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 374 N.E.2d 1086.) A hearing on the issue of arbitrability is required when that issue is in "substantial and bona fide dispute." (Ill. Rev. Stat. 1979, ch. 10, par. 102(b).) Where the agreement contains language subjecting all questions in dispute to arbitration, a summary judicial determination can be made that arbitration is required. *Bunge Corp. v. Williams* (1977), 45 Ill. App. 3d 359, 359 N.E.2d 844; *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25.

■■ At the hearing on the plaintiffs' motion for the temporary restraining order, the trial judge reviewed the agreement between the parties and heard their arguments. The agreement was clear in its requirement for arbitration of the dispute concerned herein. There was no need to schedule another hearing on this matter or to stay the arbitration proceeding until this hearing could be held. Therefore, we believe the temporary restraining order was erroneously entered. The cause should be ordered to arbitration.

For the foregoing reasons, the order of the Circuit Court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, P. J., and McNAMARA, J., concur.