**NORTHERN ILLINOIS GAS COMPANY,
an Illinois Corporation,
Plaintiff-Appellant,**

**v.**

**AIRCO INDUSTRIAL GASES, A DIVISION OF AIRCO, INC., a Delaware Corporation, et al., Defendants-Appellees.**

**No. 81–1743.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1982.

Decided April 16, 1982.

ESCHBACH, Circuit Judge.

In this appeal from the district court's order directing the parties to arbitrate their contract dispute, plaintiff-appellant maintains that the case was improvidently removed from state court and that the district court erroneously analyzed the arbitrability of the dispute. We note jurisdiction under 28 U.S.C. § 1291 and, for the reasons which follow, affirm the judgment of the district court.

*Facts*

The basic facts of the underlying controversy are not contested. Plaintiff-appellant Northern Illinois Gas Company (NI-Gas) entered into a sales contract with defendant-appellee Airco Industrial Gases (Airco), agreeing to supply Airco with carbon dioxide gas. The contract contained an arbitration clause, providing in part that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach hereof, shall be decided by arbitration in accordance with the Rules of the American Arbitration Association then obtaining, unless the parties mutually agree otherwise." When NI-Gas curtailed production of the carbon dioxide gas and reduced the quantity of gas provided to Airco, Airco informed NI-Gas that it was failing to provide the amount of gas required under the terms of their agreement. NI-Gas disagreed, contending that it was not in breach of the contract.

Airco filed a demand for arbitration of the dispute with the American Arbitration Association (AAA) pursuant to the contract's arbitration clause. NI-Gas, taking the position that there was no dispute within the ambit of the arbitration clause, refused to appoint an arbitrator. Airco thereupon requested that the AAA appoint an arbitrator for NI-Gas, invoking a provision of the arbitration clause providing for such a contingency. The AAA informed NI-Gas that an arbitrator would be appointed for it if it did not appoint one.

James W. Gladden, Jr., Mayer Brown & Platt, Chicago, Ill., for plaintiff-appellant.

James K. Gardner, Friedman & Koven, Chicago, Ill., for defendants-appellees.

Before SWYGERT and PECK,* Senior Circuit Judges, and ESCHBACH, Circuit Judge.

* The Honorable John W. Peck, United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

*Proceedings Below*

On January 19, 1981 NI-Gas filed suit in DuPage County (Illinois) Circuit Court, naming Airco and the AAA as defendants, seeking a determination that the dispute was not arbitrable and an injunction against the arbitration proceedings pursuant to § 2(b) of the Illinois Uniform Arbitration Act, Ill.Rev.Stat. ch. 10, § 102(b). Attached to the verified complaint were several exhibits. Exhibit F was a letter dated January 13, 1981 from the AAA to the attorneys of NI-Gas and Airco stating that under an AAA rule,

> the AAA is not a necessary party in judicial proceedings relating to this arbitration and should not be named as a party-defendant. The AAA will abide by any court order directed against [e]ither party to the arbitration which is binding upon the parties.

A copy of the complaint was personally delivered to counsel for Airco, who had been representing Airco regarding the dispute and the arbitration proceedings, on the day the state court action was commenced. Airco was served with a copy of the state court summons on January 23, 1981.

Airco filed a verified removal petition in the United States District Court for the Northern District of Illinois on January 26, 1981 on grounds of diversity of citizenship, pursuant to 28 U.S.C. § 1441. Attached to the petition was a copy of the state court complaint and its accompanying exhibits, as required by 28 U.S.C. § 1446(a). Airco filed the removal petition unilaterally; the AAA neither joined in the petition nor otherwise consented to removal. The removal petition itself did not attempt to explain the reason for the AAA's lack of joinder or consent.

On February 3, 1981 NI-Gas moved to remand the cause to state court pursuant to 28 U.S.C. § 1447(c), arguing, *inter alia*, that the removal petition was defective because the AAA had not joined in the petition and the petition did not explain the reason for the AAA's absence. In the alternative, NI-Gas moved for a determination, ostensibly pursuant to Fed.R.Civ.P. 56, that the underlying dispute was not arbitrable under the arbitration clause. Airco filed what was denominated an "amended petition" for removal on February 20, 1981 which contained a statement that the AAA had not joined in the petition because "it is a nominal party and its joinder is not necessary for removal." NI-Gas argued that the amended petition was untimely.

The district court, denying the motion to remand, held that the AAA was a nominal party and hence its joinder was unnecessary to effect removal. The court's opinion did not address NI-Gas' arguments that the initial petition was fatally defective for failure to allege the reason for non-joinder and that the amended petition's untimeliness precluded it from curing the defect. The court also denied NI-Gas' motion for a permanent stay of arbitration and dismissed the cause, directing the parties to submit their dispute to arbitration.

*Removal Jurisdiction*

NI-Gas argues that the district court erred in denying its motion to remand. NI-Gas does not appeal from the ruling below that the AAA is a nominal party; instead it contends that the initial removal petition was defective for its failure to allege the nominal party status of the AAA and that the amended petition was untimely.

As a general rule, all defendants must join in a removal petition in order to effect removal. *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *P. P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 547 (7th Cir. 1968). Nominal parties, however, are disregarded for removal purposes and need not join in the petition. *Ryan v. State Board of Elections of the State of Illinois*, 661 F.2d 1130, 1134 (7th Cir. 1981); *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785, 790–91 (N.D.Ill.1969), *aff'd sub nom., First National Bank of Chicago v. Ettilinger*, 465 F.2d 343, 345 (7th Cir. 1972). *See Salem Trust Co. v. Manufacturers Finance Co.*, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924); *The Removal*

*Cases*, 100 U.S. 457, 469, 25 L.Ed. 593 (1879). Because it is incumbent upon a party petitioning to remove a state court case to federal court to allege in the petition "a short and plain statement of the facts which entitle" him to remove, 28 U.S.C. § 1446(a), a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants. *Wright v. Missouri Pacific Railroad Co.*, 98 F.2d 34, 36 (8th Cir. 1938); *Heckleman v. Yellow Cab Transit Co.*, 45 F.Supp. 984, 985 (E.D.Ill. 1942) (Lindley, J.); *Santa Clara County v. Goldy Machine Co.*, 159 F. 750, 750–51 (N.D. Cal.1908). *See P.P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co., supra*, 395 F.2d at 548 (" '[W]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served . . . .' ") (quoting 1A Moore's Federal Practice ¶ 0.168 [3.–4]).

■ Relying on these principles, NI-Gas argues that the initial petition was defective and therefore the case is subject to remand. It is true that a "legally defective" removal petition subjects the case to remand, under 28 U.S.C. § 1447(c), on the ground that the case had been "improvidently" removed. *Ryan v. State Board of Elections of the State of Illinois, supra*, 661 F.2d at 1133. In the instant case, however, although Airco's initial petition was defective for failing to allege that the AAA was a nominal party, that defect was cured by the amended petition, notwithstanding the fact that the amendment was filed more than thirty days after Airco received a copy of the state court complaint.[1]

■ Removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first. 28 U.S.C. § 1446(b). While the time limitation imposed by § 1446(b) is not jurisdictional, *Ryan v. State Board of Elections of the State of Illinois, supra*, 661 F.2d at 1134; *Perrin v. Walker*, 385 F.Supp. 945, 947 (E.D. Ill.1974); *see Ayers v. Watson*, 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093 (1885), it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.

■ A removal petition may be amended freely within the thirty day period. Moreover, even after the thirty days have elapsed, amendments to correct "defective allegations of jurisdiction" are permitted under 28 U.S.C. § 1653. *E.g., Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 317 (9th Cir. 1969). *See Willingham v. Morgan*, 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 1816 n.3, 23 L.Ed.2d 396 (1969). *See generally Young Spring & Wire Corp. v. American Guarantee and Liability Insurance Co.*, 220 F.Supp. 222, 228–29 n.2 (W.D. Mo.1963). In this case, as in many others since the adoption of the removal statute over a century ago, "[t]he right to remove existed, but the petition for removal was defective. If it had been sufficient there would have been no need of amendment. The question is whether it was so defective as to be incurable." *Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78, 80, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903). In determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings. *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S.

---

1. Although Airco argues that the thirty day removal period did not commence to run until its receipt of the state court summons on January 23, 1981, it is plain that Airco's counsel's receipt of the complaint on January 19, 1981 constituted effective receipt by Airco under the circumstances of this case for purposes of the time limitation of 28 U.S.C. § 1446(b), at least in the absence of any proof that counsel did not

timely inform his client of the receipt of the complaint. " 'The burden of proof as to any controverted material issue is upon the party who removed to show that the suit was properly removed.' " *P.P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co., supra*, 395 F.2d at 548 (quoting 1A Moore's Federal Practice ¶ 0.168 [3.2]).

92, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898); *National Audubon Society v. Department of Water & Power of the City of Los Angeles*, 496 F.Supp. 499, 503 (E.D.Cal. 1980); *McMahan v. Fontenot*, 212 F.Supp. 812, 814–15 (W.D.Ark.1963); *Heckleman v. Yellow Cab Transit Co.*, supra, 45 F.Supp. at 985; *Santa Clara County v. Goldy Machine Co.*, supra, 159 F. at 750–51. *See Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 151–52, 34 S.Ct. 278, 279–80, 58 L.Ed. 544 (1914); *Nu-Way Systems of Indianapolis, Inc. v. Belmont Marketing, Inc.*, 635 F.2d 617, 621 (7th Cir. 1980); *Haggard v. Lancaster*, 320 F.Supp. 1252, 1254 (N.D.Miss.1970). Where the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential to removal and which has been omitted from the four corners of the removal petition, an amendment of the petition is permissible to correct the defect. *E.g., Powers v. Chesapeake & Ohio Railway Co.*, supra; *National Audubon Society v. Department of Water & Power of the City of Los Angeles*, supra; 2 Cyclopedia of Federal Procedure § 3.148 (3d ed. 1980).

■ In this case, the state court record, attached to the removal petition, contained the necessary factual information regarding the AAA's nominal party status. Exhibit F recited the AAA's position that it was "not a necessary party in judicial proceedings relating to [the proposed] arbitration and should not be named as a party-defendant." The record therefore plainly disclosed the reason for the AAA's failure to join in the removal petition. In such circumstances, the amendment was effective to correct the technically defective initial petition.[2] Since NI-Gas does not contest on appeal the district court's ruling that the AAA is a nominal party, Airco's unilateral petition was effective to remove the case. Consequently, the district court properly denied NI-Gas' motion to remand.

### Arbitrability of the Dispute

NI-Gas sought a stay of the arbitration proceedings on the ground that the dispute concerning the delivery of carbon dioxide gas was not arbitrable under the parties' contract. Challenging the district court's decision on this issue, NI-Gas first argues that the district court erroneously viewed the case of *School District No. 46 v. Del Bianco*, 68 Ill.App.2d 145, 215 N.E.2d 25 (1966), as controlling Illinois law. Second, it argues that the dispute is not arbitrable. Finding the second issue dispositive, it is unnecessary to determine whether *Del Bianco* has continuing viability.

■ Before analyzing the arbitrability of the dispute, however, we note a threshold choice of law issue not addressed by the parties. Both parties agree that Illinois law, specifically the Illinois Uniform Arbitration Act, Ill.Rev.Stat. ch. 10, § 102(b), governs the issue of arbitrability. We have serious doubts that Illinois law governs the arbitration issue in this case. The contract in dispute at least appears to evidence a transaction involving interstate commerce to which the provisions of the United States Arbitration Act, 9 U.S.C. §§ 1–14, would be applicable. Notwithstanding the parties' choice of law provision in their contract

---

**2.** In view of our disposition of this issue, we need not explore whether other factors present in this case would have justified amendment of the removal petition even if the record had not revealed the basis for the AAA's non-joinder. We do observe, however, that NI-Gas' objection to the removal petition is a hypertechnical one and note that many district court opinions have been exceedingly grudging in permitting amendments of technically defective jurisdictional allegations, *e.g., Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (E.D.Mich.1977), relying upon the principle that removal statutes are strictly construed against removal. Yet " '[t]o be observant of these restrictions is not to indulge in formalism or sterile technicality....' " *Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (quoting *Buell v. Sears Roebuck & Co.*, 321 F.2d 468, 470 (10th Cir. 1963). *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 301 (10th Cir. 1968). *See generally White v. Wellington*, 627 F.2d 582, 587 (2d Cir. 1980); *Rachel v. Georgia*, 342 F.2d 336, 340 (5th Cir. 1965), *aff'd*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Stanley Electric Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769, 772–73 (E.D.Ky.1980); *Rossi, Turencamo & Co. v. Best Resume Service, Inc.*, 497 F.Supp. 437, 440–41 (S.D.Fla.1980).

calling for application of Illinois law, and irrespective of the fact that this is a diversity case, federal arbitration law governs the analysis of arbitration provisions in any contract evidencing a transaction in interstate commerce. *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1268–71 (7th Cir. 1976). *Accord, In Re Mercury Construction Corp.*, 656 F.2d 933, 938 (4th Cir. 1981) (en banc). *See generally Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391 (5th Cir. 1981); *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176 (11th Cir. 1981). Nevertheless, given that the parties have not addressed the issue of the applicability of the federal act and since the record as it now stands provides only meager assistance in determining whether the transaction involves interstate commerce, we will proceed to analyze the arbitrability of the dispute applying Illinois law. We do so recognizing that "federal and Illinois authorities are in accord in this field," *Butler Products Co. v. Unistrut Corp.*, 367 F.2d 733, 735 (7th Cir. 1966), and note that the outcome in this case would be the same if federal law were to apply.

A party cannot be required to arbitrate a dispute which he has not agreed to arbitrate. *Iser Electric Co. v. Fossier Builders, Ltd.*, 84 Ill.App.3d 161, 164, 39 Ill.Dec. 686, 688, 405 N.E.2d 439, 441 (1980). *Accord, Butler Products Co. v. Unistrut Corp., supra*, 367 F.2d at 735 (applying Illinois law). In a proceeding to compel or stay arbitration, the sole issue is the existence of an agreement to arbitrate the dispute. *Galt v. Libbey-Owens-Ford Glass Co.*, 376 F.2d 711, 715–16 (7th Cir. 1967) (applying Illinois law).

The dispute in this case is clearly within the scope of the contract's generic arbitration clause. NI-Gas' argument to the contrary is specious, at best. Seizing on the language of the arbitration clause which provides that the parties may mutually agree to forego arbitration, NI-Gas contends that section 10(e) of the contract, purportedly providing for the "sole remedy" in the event of a failure to provide carbon dioxide gas under the agreement, consti-

tutes an agreement not to arbitrate disputes arising under the contract concerning such an eventuality. The contention is wholly lacking in merit. In order "to avoid the effect of an arbitration clause, which on its face applies to any dispute arising from the contract, [NI-Gas] invok[es] another clause in the same contract, permitting termination in certain specified instances." *General Atomic Co. v. Commonwealth Edison Co.*, 37 Ill.App.3d 716, 720, 346 N.E.2d 437, 440 (1976). Of course, whether or not NI-Gas was contractually entitled to curtail delivery of the carbon dioxide gas is at the very heart of the dispute between the parties, and is plainly an arbitrable question, *id.* NI-Gas confuses the issue of what remedies are available under the agreement in the case of such curtailment with the issue of the forum in which the parties' respective rights and duties are to be adjudicated. The provisions of the contract which NI-Gas asserts represent an exception to the arbitration clause define the substantive rights of the parties; they do not speak to the issue of arbitrability. *See Village of Carpentersville v. Mayfair Construction Co.*, 100 Ill.App.3d 128, 55 Ill.Dec. 412, 426 N.E.2d 558, 561 (1981). Arbitration is a dispute settlement device; it is not a remedy. A contractual provision which provides a party's "sole remedy" for specified conduct is simply not germane to the issue of the forum in which a party may seek such a remedy. These parties have agreed upon the forum of arbitration to settle all disputes arising out of their contract. The instant controversy is such a dispute and a summary judicial determination ordering the parties to submit to arbitration was proper. *See Lester Witte & Co. v. Lundy*, 98 Ill.App.3d 1100, 54 Ill.Dec. 489, 425 N.E.2d 1, 3 (1981).

Accordingly, the judgment appealed from is hereby affirmed.

AFFIRMED.