CHARLES KEENE, Plaintiff-Appellee, v. DAVID LANE, Defendant-Appellant (Denise Lane, Defendant).

Second District   No. 85—0298

Opinion filed October 30, 1985.

Robert A. Chapski and Vincent C. Argento, both of Elgin, for appellant.

Robert S. Kramer, of Ariano, Anderson, Bazos, Hardy, Kramer & Castillo, P.C., of Elgin, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, David Lane, filed this interlocutory appeal from a temporary restraining order (TRO) entered on April 10, 1985, by the circuit court of Kane County prohibiting defendant from negotiating or disposing of certain proceeds from the Illinois State Lottery. Another defendant, Denise Lane, named in the complaint filed by plaintiff, Charles Keene, is not a party to this appeal. Defendant asserts the complaint requesting a TRO filed by plaintiff is legally insufficient, the notice received by him prior to the hearing on the TRO was inadequate, and the trial court incorrectly granted the TRO. Plaintiff filed a motion to dismiss this appeal on April 25, 1985, asserting that the issues raised by defendant are now moot. In response, defendant filed

on May 13, 1985, his objection to motion to dismiss appeal, in which he challenges plaintiff's claim of mootness. These motions were ordered taken with the case. Since we agree with plaintiff that the issues raised by defendant are now moot, we grant plaintiff's motion to dismiss this appeal.

Defendant asserts the issues on appeal are not moot because his notice of appeal filed on April 11, 1985, one day after the TRO was entered, operated to toll the scheduled expiration of the TRO on April 16, 1985, and thus, it remains in effect until this appeal is resolved. However, defendant cites no direct authority for his conclusion. Instead, he relies upon the generally recognized rule that the jurisdiction of the reviewing court attaches instanter upon the filing of the notice of appeal. Once the jurisdiction of the appellate court is triggered, defendant contends, the trial court is divested of authority to modify its judgment or to rule on matters of substance. (See *Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 249, 423 N.E.2d 1170, 1176.) Plaintiff persuasively argues in response that this rule is not applicable to the facts of this case because the TRO here was drafted to expire by its own terms on April 16, 1985, at 2 p.m.

■ Neither party, however, cites *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 405 N.E.2d 1316, which we find dispositive. Initially, we note that *Panduit* involved the expiration of a preliminary injunction, while the expiration of a TRO is involved in the case at bar, but we see no distinction between these orders for purposes of the mootness question here presented. (Accord, *Buckingham Corp. v. Vesolowski* (1974), 17 Ill. App. 3d 58, 307 N.E.2d 703.) In dismissing the appeal as moot, the *Panduit* court concluded that the preliminary injunction which was in effect when the defendant brought the interlocutory appeal nonetheless subsequently expired by its own terms. (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1146, 405 N.E.2d 1316, 1318; see also *Buckingham Corp. v. Vesolowski* (1974), 17 Ill. App. 3d 58, 307 N.E.2d 703 (issues on appeal moot where preliminary injunction expired one day after notice of appeal was filed).) We recognize that in *Lester Witte & Co. v. Bundy* (1981), 98 Ill. App. 3d 1100, 425 N.E.2d 1, the court declined to dismiss an appeal from an order granting a seven-day TRO despite the assertion by the appellee that the propriety of the TRO was a moot issue on appeal. Although *Witte* was decided after *Panduit* and *Vesolowski*, neither case was cited by the *Witte* court. We are persuaded by the reasoning of the courts in *Panduit* and *Vesolowski* and, thus, conclude that the TRO expired on April 16, 1985, despite the intervening notice of ap-

peal filed on April 11, 1985.

We are also aware that recently, our supreme court in *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, held constitutional section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—110) on facts somewhat analogous to those here. In *Giannone*, however, the question of mootness was neither presented nor discussed and thus, that decision is not relevant to our disposition.

■■ As an additional ground for asserting that this appeal is not moot, defendant argues he "may be entitled to damages for the wrongfully issued injunction" and therefore, this court should determine if the TRO was issued wrongfully. Section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—110) provides that a party may be entitled to damages if a TRO is dissolved by the trial court or the appellate court. However, defendant has failed to preserve this issue of damages for review because he did not file a motion to dissolve or vacate the TRO prior to filing his notice of appeal. See *Panduit Corp v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1150, 405 N.E.2d 1316, 1321; accord, *Buckingham Corp. v. Vesolowski* (1974), 17 Ill. App. 3d 58, 307 N.E.2d 703.

Moreover, the party asserting injury as a result of a wrongfully issued TRO must demonstrate the possibility of damages to avoid a finding on appeal that the issues are moot. (*People ex rel. Hartigan v. Dynasty System Corp.* (1984), 128 Ill. App. 3d 874, 884, 471 N.E.2d 236, 243; *City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 432, 380 N.E.2d 1106, 1117; contra *Lester Witte & Co. v. Bundy* (1981), 98 Ill. App. 3d 1100, 425 N.E.2d 1.) The only possibility of injury asserted on appeal by defendant is that the TRO deprived him of control over *any* of the lottery proceeds, thereby preventing him from using those funds "to purchase even the necessities of life such as food, clothing, housing, etc. ***." Since defendant's counsel indicated at the hearing on the TRO that the lottery check at issue was not due to be mailed to defendant until August 1985 and the trial judge drafted the TRO to expire on April 16, 1985, defendant's assertion of injury necessarily is predicated on his conclusion, which we have already rejected, that the notice of appeal tolled the expiration of the TRO. Because the TRO expired on April 16, 1985, defendant has not demonstrated any possibility of injury even if the TRO were issued wrongfully, and, thus, the issues raised by defendant on appeal are moot.

Although not argued to this court on appeal, defendant at trial in-

timated that he could conceivably be prejudiced if the trial judge presiding over defendant's pending divorce action learned of the issuance of the TRO. Even were this a sufficient allegation of injury to prevent dismissal of the appeal as moot, defendant's failure to raise this point in his appellate brief constitutes a waiver. 87 Ill. 2d R. 341(e); *Wright v. McGee* (1970), 131 Ill. App. 2d 522, 526, 264 N.E.2d 882, 885.

Defendant's appeal from the circuit court of Kane County is dismissed.

Appeal dismissed.

UNVERZAGT and HOPF, JJ., concur.