EMERSON ELECTRIC COMPANY, *et al.*, Plaintiffs-Appellees, v. GEORGE M. SHERMAN *et al.*, Defendants-Appellants.

First District (5th Division)   No. 86—1463

Opinion filed December 19, 1986.

John H. Mathias, Jr., William P. Suriano, Ronald J. Rychlak, and Carl B. Schultz, all of Chicago (Jenner & Block, of counsel), for appellants.

William T. Cahill, William J. Kunkle, and Karen G. Seimetz, all of Phelan, Pope & John, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this interlocutory appeal under Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)), from an order granting a preliminary injunction, defendants contend that the trial court erred in issuing the injunction. Plaintiffs have filed a motion to dismiss the appeal as moot, which was taken with the case. For the reasons hereinafter stated, we agree with plaintiffs and dismiss defendants' appeal.

On October 2, 1985, plaintiffs, Emerson Electric Company and its wholly owned subsidiary, Skil Corporation, filed a three-count complaint against the individual defendant, George Sherman, former president of Skil Corporation, for breach of a confidential disclosure relationship, and against the corporate defendants, the Black & Decker companies, for unfair competition and tortious interference with contractual relations. The complaint sought a temporary restraining order, preliminary and permanent injunctive relief, actual and punitive damages, attorney fees, and costs.

On October 10, 1985, the parties entered into a settlement agreement and plaintiffs' action was dismissed with prejudice. The trial court retained jurisdiction of the case to enforce the terms of the settlement agreement.

On April 21, 1986, plaintiffs moved for a temporary restraining order, alleging that defendants had violated the terms of the settlement agreement. The motion was granted, and defendants were restrained by reason of provisions in the settlement agreement from assigning responsibilities to Carl J. Amrein, Skil's former vice-president of engineering, who had been hired by Black & Decker, as to three product lines which directly compete with plaintiffs' products until a hearing could be held on a preliminary injunction. On April 23, 1986, plaintiffs filed their verified second complaint against defendants alleging breach of the settlement agreement and unfair competition. The complaint sought injunctive relief against defendants for a period of two years.

On May 1, 1986, after the hearing on the preliminary injunction had commenced, the temporary restraining order was extended to May 2, 1986, when the trial court denied a motion of defendants to

dissolve it and granted plaintiffs' written motion to extend the restraining order until further order of court. Defendants did not appeal the order denying their motion to dissolve.

After an evidentiary hearing, the trial court, on May 12, 1986, found that defendants had violated the terms of the settlement agreement and enjoined them from employing Carl J. Amrein in those areas in which Black & Decker products compete with Skil products until October 10, 1986, when the settlement agreement expired. Defendants did not move to dissolve the preliminary injunction, but they did file a timely notice of appeal from the order granting it.

■ Plaintiffs, as we have noted, have moved to dismiss defendants' appeal as moot because the preliminary injunction has expired. A case becomes moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief to any of the parties. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251, 384 N.E.2d 1309.) The preliminary injunction granted in this case expired by its own terms on October 10, 1986, and nothing we do can affect the enforcement of that injunction. *Panduit Corp. v. All States Plastics Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1148, 405 N.E.2d 1316.

Defendants, however, argue that we should rule on the merits of this appeal because if the preliminary injunction was improperly issued, they would be entitled to have damages assessed against plaintiffs under section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—110). We disagree.

Section 11—110 provides in relevant part:

> "In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money."

■ We initially note that this statute is to be strictly construed and applied (*Schien v. City of Virden* (1955), 5 Ill. 2d 494, 504, 126

N.E.2d 201) and that attorney fees and other damages may be recovered under it only if the preliminary injunction has been dissolved before the case is disposed of on the merits, and thus adjudicated to have been wrongfully issued (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439, 343 N.E.2d 479). However, expiration of an injunction by its own terms is not equivalent to the dissolution of the injunction for the purposes of section 11—110, and an injunction that has expired can no longer be dissolved because a court cannot dissolve that which no longer exists. (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1149, 405 N.E.2d 1316; *Buckingham Corp. v. Vesolowski* (1974), 17 Ill. App. 3d 58, 61-62, 307 N.E.2d 703.) Thus, even if we were to hold that the preliminary injunction was improperly issued, damages could not be obtained under section 11—110 because such a holding would not result in dissolving the already defunct preliminary injunction. *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1149, 405 N.E.2d 1316.

This conclusion, however, does not mean that damages under section 11—110 are never available in those cases where the preliminary injunction expires by its own terms before a reviewing court can consider whether the preliminary injunction was improperly issued. The key to the preservation of the question of damages for short-term preliminary injunctions lies in the timely filing in the trial court of a motion to dissolve the injunction. *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1149-1150, 405 N.E.2d 1316, citing *Buckingham Corp. v. Vesolowski* (1974), 17 Ill. App. 3d 58, 62, 307 N.E.2d 703; see also *Keene v. Lane* (1985), 137 Ill. App. 3d 793, 795, 485 N.E.2d 450; *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 440, 343 N.E.2d 479.

In the case at bar, if defendants had moved for the dissolution of the preliminary injunction and their motion had been denied, we could have reviewed the decision to deny the motion. We then could have held that the motion should have been granted, and this would have preserved the question of damages under section 11—110 of the Code of Civil Procedure. *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1150, 405 N.E.2d 1316.

Here, however, no motion to dissolve the preliminary injunction was made, and, at this stage of the proceedings, since it has expired of its own terms, "we are without the legal underpinnings to support a section [11—110] hearing for the assessment of damages because no motion was made to dissolve the preliminary injunction." (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill.

App. 3d 1144, 1150, 405 N.E.2d 1316.) As in the *Panduit* case, "[t]he only ruling we could make to aid [defendants] is to find that the preliminary injunction was improperly issued, and this would not be enough to bring [defendants] within section [11—110]." 84 Ill. App. 3d 1144, 1150, 405 N.E.2d 1316.

■ On May 2, 1986, the trial court denied defendants' oral motion to dissolve the temporary restraining order. No appeal was taken from that order.[1] Although defendants concede that they did not file a motion to dissolve the preliminary injunction, they contend that we should construe the issuance of the preliminary injunction on May 12, 1986, as the court's "continued refusal to dissolve injunctive restraints already in effect, as well as an extension of those same restraints until October 10, 1986." We disagree.

■ ■ It is clear that when the temporary restraining order is not dissolved before a hearing on the merits, it becomes merged with the preliminary injunction if the plaintiff prevails. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 545, 447 N.E.2d 288.) We cannot consider the denial of a motion to dissolve a temporary restraining order to be a denial of a motion to dissolve a preliminary injunction where no such motion was ever made.

■ Defendants argue in the alternative that the filing of a motion to dissolve the preliminary injunction "would have been a useless act," and that to require such a motion "exalts procedural form over substance." Again, we disagree because such a motion could have resulted in an appealable order which would not have been rendered moot by the expiration of the preliminary injunction by its own terms before the appeal was decided. *Panduit Corp. v. All States Plastics Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1150, 405

---

[1]An order refusing to dissolve a temporary restraining order is immediately appealable. (87 Ill. 2d R. 307(a)(1); *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1.) A party's failure to appeal in a timely fashion from a trial court's order denying a motion to dissolve a temporary restraining order renders that order the law of the case from which a later appeal cannot be taken. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 544, 447 N.E.2d 288.) Here, because defendants did not appeal the order entered on May 2, 1986, refusing to dissolve the temporary restraining order, the trial court's decision became the law of the case after the time for appeal had expired. (94 Ill. 2d 535, 544-45, 447 N.E.2d 288.) Because an adjudication that the temporary restraining order was wrongfully issued is an essential element in an award of damages under section 11—110, no damages may be awarded to defendants on the facts of this case. 94 Ill. 2d 535, 545, 447 N.E.2d 288; *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1150-51, 405 N.E.2d 1316.

N.E.2d 1316.

Thus, since defendants failed to appeal the order denying their motion to dissolve the temporary restraining order and never moved to dissolve the preliminary injunction, which expired by its own terms on October 10, 1986, they are not entitled to damages under section 11—110 of the Code of Civil Procedure for the wrongful issuance of a temporary restraining order or a preliminary injunction. Under these circumstances, a finding by us that the preliminary injunction had been wrongfully issued would not entitle defendants to a statutory award of damages.

■ Defendants, however, argue further that this appeal should not be dismissed as moot because of a provision in the settlement agreement that gives the trial court "the right to award reasonable attorneys' fees and costs to the prevailing party in any action brought on this Settlement Agreement." They have asserted in their objections to plaintiffs' motion to dismiss that a decision on the merits of the appeal will determine whether plaintiffs or defendants constitute the "prevailing party" for purposes of an award of attorney fees under the settlement agreement. At oral argument, however, both parties admitted that such a decision would not be controlling on the question of attorney fees. We agree.

Initially, we observe that the settlement agreement confers upon the trial court the *discretion* to award reasonable attorney fees and costs to the prevailing party. There is no mandate that such an award be made, and the agreement does not purport to limit or guide the court in the exercise of its discretion. Thus, a determination as to the validity of the preliminary injunction would not necessarily lead to an award of attorney fees.

In this regard, we note also that the settlement agreement does not define the term "prevailing party" and there has been no finding by the trial court that a party obtaining a preliminary injunction would be a "prevailing party" as that term is used in the agreement.

In its order of May 12, 1986, the trial court found that defendants had violated the terms of the settlement agreement. That finding, however, was not necessary to the issuance of the preliminary injunction and is not properly before us in this interlocutory appeal. The court was merely required to decide whether plaintiffs had a reasonable likelihood of success on the merits, and the issuance of the preliminary injunction was not dependent upon a determination of the merits of the question of whether defendants had breached the settlement agreement. (*Office Electronics, Inc. v. Grafic Forms, Inc.* (1979), 72 Ill. App. 3d 456, 460, 390 N.E.2d 953, citing *Schien v.*

*City of Virden* (1955), 5 Ill. 2d 494, 126 N.E.2d 201.) Since a finding that defendants violated the agreement was not necessary to the issuance of a preliminary injunction, can it be said at this stage of the proceedings that plaintiffs prevailed?

Does the term "prevailing party" include a party who did not obtain all of the relief that he requested? Although in their second complaint filed on April 23, 1986, plaintiffs requested injunctive relief against defendants for a period of two years, the trial court granted an injunction only until October 10, 1986. Did plaintiffs prevail?

Without intending to express any views on the questions we have raised, it is apparent that there are a number of reasons why our resolution of defendants' appeal on the merits will not control the issue of attorney fees and costs under the settlement agreement. The trial court may exercise its discretion not to award fees or may decide that the provision for attorney fees is ambiguous and requires testimony from the parties regarding their intent. Under these circumstances, we believe that defendants' appeal should be dismissed as moot.

In our judgment, there are no "collateral consequences" which would preclude dismissal. Moreover, we reject defendants' alternative suggestion that we reverse the trial court's order granting the preliminary injunction and remand the case with instructions to dismiss the plaintiffs' complaint. The cases cited by defendants in support of this procedure are distinguishable. Because we have made no ruling on the merits, the dismissal of the appeal would have no adverse effect on the parties by way of *res judicata*. In the event either of the parties is ordered to pay attorney fees and costs, the adversely affected party will be able on further appeal to challenge that award on any ground raised in the trial court.

For the foregoing reasons, we dismiss defendants' appeal as moot.

Appeal dismissed.

PINCHAM and MURRAY, JJ., concur.